## LYDIA OTTOW v. AUGUST FRIESE and Bertha Friese.

### (126 N. W. 503.)

**Mortgage Foreclosure — Affidavit of Sale — Amendment.**

    1. Under the Compiled Laws of 1887, a statement in an affidavit of sale incorrectly reciting that the sale was made at a place other than the one named

---

Note.—As to right to rescind or abandon contract because of other party's default, see note in 30 L.R.A. 33.

in the notice of sale may be corrected as against the mortgagor by the filing of another affidavit several months after the sale, reciting the sale to have taken place as advertised.

**Res Adjudicata — Judgment Signed by Judge — Entry in Judgment Book.**

2. A judgment signed by the presiding judge finally determining the rights of the parties and entered in the judgment book is a "final judgment," and may be proved as such as a former adjudication of the issues in the pending suit.

**Action to Determine Adverse Claims — Same as Common-Law Action of Ejectment.**

3. Under chapter 29, Comp. Laws of 1887, an action to determine adverse claims to and for the possession of real estate was maintainable to the same effect as an action of ejectment under the common law.

**Ejectment — Forcible Entry and Detainer — Pleading.**

4. In such actions the district court had original jurisdiction, and the facts necessary to state in a cause of action were not the same as those on which an action for forcible entry and detainer was maintainable.

**Judgment — Res Adjudicata — When May be Pleaded.**

5. A former adjudication may be pleaded and proven where the issues in the former action and in the pending action are the same.

**Vendor and Purchaser — Waiver by Abandonment.**

6. A contract for the sale of real estate may be waived by abandonment of the land and of the contract by the vendee, and his rights thereunder extinguished thereby.

**Valid Foreclosure.**

7. Evidence considered, and *held* to show a valid foreclosure, and that the plaintiff has the title to the land in suit.

Opinion filed April 30, 1910.

Appeal from District Court, Cass county; *Pollock,* J.

Action by Lydia Ottow against August Friese and another. Judgment for plaintiff, and defendants appeal.

Affirmed.

*S. G. Roberts,* for appellant.

*W. J. Clapp,* for respondent.

MORGAN, Ch. J.   This is an action to quiet title. The complaint is substantially in the form provided by § 7525, Rev. Codes 1905, and alleges that plaintiff is the owner of the land described in the complaint. It is further generally alleged that defendants claim a certain

estate or interest in, or liens or encumbrances upon, said land, adverse to the plaintiff. The relief demanded is that the defendants be required to set forth all their adverse claims in order that their validity may be determined, and the title quieted, and defendants barred from further claims to the land. Defendants allege that they became the owners of the land by patent from the United States August 19, 1880, and that they have owned the same ever since, and have claimed it as their homestead and deny plaintiff's ownership and her right of possession thereto. The prayer of the answer is that plaintiff's action be dismissed and the title to the land quieted in the defendants. The trial court made findings of fact and conclusions of law in plaintiff's favor. Defendants appeal from a judgment entered on these findings, and demand a trial *de novo* in this court under the provisions of § 7229, Rev. Codes 1905.

The evidence is undisputed, and the following is a summary thereof: (1) Defendants were the owners of the land in question on November 19, 1880, and on that day executed and delivered to David Wood a mortgage thereon to secure an indebtedness from them to said Wood. (2) On March 3, 1883, the defendants executed a second mortgage on said land to Fuller & Johnson, to secure an indebtedness to that firm. (3) Through proceedings by advertisement, regular in all respects up to the sale, said David Wood foreclosed his mortgage on the 17th day of March, 1885. The notice of sale stated that the sale would take place "in front of the First National Bank Building of Casselton, in the city of Casselton," etc. (4) The land was bid in at such sale by David Wood, the mortgagee, and an affidavit of the sale was made by the deputy sheriff who conducted it, and said affidavit was filed in the office of the register of deeds of Cass county, on the 21st day of March, 1885. In this affidavit the deputy sheriff stated that the sale took place "at the front door of the courthouse in Fargo," etc. (5) A certificate of sale was duly issued by the sheriff through the deputy sheriff who conducted the sale, and the same was filed and recorded in the office of the register of deeds on the 21st day of March, 1885. In the certificate of sale it was recited that the sale took place "in front of the First National Bank of the city of Casselton," etc. The certificate contained all other facts required by the statute in force at that time, and stated that a deed would be issued to

the purchaser at the end of one year from the sale, unless redeemed from before that time. (6) On the 17th day of March, 1886, the sheriff of Cass county, through his deputy, executed and delivered to Fuller & Johnson, mortgagees in the second mortgage, a certificate of redemption from the sale under the David Wood mortgage. In that certificate of redemption it was recited that the sale under the David Wood mortgage was "made on the 17th day of March, 1885, at the front door of the First National Bank of Casselton, in the city of Casselton, in said Cass county." (7) On the 17th day of June, 1886, the sheriff of Cass county made, executed, and delivered another certificate of redemption to Morris E. Fuller, John A. Johnson, Edward M. Fuller, and George German, persons doing business under the firm name of Fuller & Johnson. In said certificate of redemption it was recited that said premises were sold "at the front door of the courthouse in the city of Fargo, in said Cass county," and said certificate further recited that "this duplicate is made to correct an error in a certain certificate heretofore made by me on March 17, 1886, and filed for record March 18, 1886." (8) On the 2d day of June, 1886, the sheriff of Cass county executed and delivered to Morris E. Fuller, John A. Johnson, Edward M. Fuller, and George German, members of the firm of Fuller & Johnson, a deed of said premises, which said deed was duly recorded in the office of the register of deeds on the 2d day of June, 1886. (9) On the 19th day of March, 1886, Fuller & Johnson executed and delivered a deed of said premises to one Fere Piper, which said deed was duly recorded in the office of the register of deeds on the 2d day of June, 1886. (10) On the 5th day of July, 1886, the same persons made and delivered their deed of said premises to Ferdinand Piper. In this deed it was recited that it was made to correct an error in the given name of the grantee in said deed of March 19, 1886. (11) On the 28th day of May, 1886, the deputy sheriff, who conducted the sale, made and filed another affidavit of sale in the office of the register of deeds, in which it was stated that the sale under the David Wood mortgage was made "at the hour of 11 o'clock in the forenoon on the 17th day of March, 1885, at the front door of the First National Bank of the city of Casselton in said county of Cass," etc. In this affidavit it was further stated: "This affidavit is made to correct certain clerical errors in a former affidavit made by

this affiant on the 18th day of March, 1885, and recorded in the office of the register of deeds of Cass county," etc. (12) On the 29th day of June, 1886, said David Wood made, executed, and delivered his deed of said premises to Ferdinand Piper. (13) On the 4th day of January, 1905, said Ferdinand Piper made, executed, and delivered a deed of these premises to the plaintiff in this action.

Appellants contend that the title to the land in suit is still in August Friese. This is based on the fact that the affidavit of foreclosure sale made by the deputy sheriff recited "that the sale was made at the front door of the courthouse in the city of Fargo," etc., while it was advertised to take place at the city of Casselton. As stated before, the certificate of sale and the deed recited that the sale took place according to the advertised notice, and in front of the first National Bank of Casselton. Besides this, the deputy sheriff made and filed another affidavit, stating that the sale took place at Casselton, and that the statement in the former affidavit, to the effect that the sale was made at the courthouse in the city of Fargo, was a clerical mistake.

It is claimed that there was no proof that the sale did take place at Casselton. This contention is based on the fact that the affidavits of the deputy sheriff are self-contradictory and prove nothing. We do not think this to be true, even if the record contained no other evidence. The second affidavit states that it is made to correct an error in the former affidavit, and the record plainly shows what the error was. The certificate of sale, the deed, and other papers, show that the sale was made in front of the Casselton Bank. The error in the first affidavit is clearly proven by competent evidence. Very slight evidence would be sufficient in such a case, as there is no contention that the sale was not in fact made in Casselton. It is claimed that the certificate of redemption issued by the sheriff of Cass county on the 17th day of June, 1886, reciting that the sale was made at the front door of the courthouse in the city of Fargo, should be considered as evidence that the sale was in fact made at the courthouse. It will be noticed that this certificate contains a recital that it was made to correct a clerical error in a former certificate, and from this statement it is claimed that the error in the former certificate was in reference to the place of the sale. There is nothing on which to base this assumption. It is more probable that this recital was made in view of the fact that in the

former certificate the name of the firm of Fuller & Johnson was simply given, and not the individual names of the parties composing the firm.

The appellants, however, do not rest their objections to the validity of the foreclosure solely on the ground mentioned. In addition to the alleged failure of proof, they allege that the deputy sheriff had no authority or right to make further or amended proof of sale after the filing and recording of the first affidavit. There is nothing in the statute in reference to filing more than one affidavit of sale. This foreclosure was made under the Compiled Laws of 1887, which authorizes a foreclosure of real-estate mortgage to be made by sale at any place within the county where the real estate was situated. Those laws further provided the manner in which a foreclosure of the real estate mortgage may be made. They required a notice of sale, certificate of sale, and contained provisions for a redemption within a year, and, if no redemption was made, the delivery of a sheriff's deed to the purchaser. These laws further provided for the filing and recording of certain affidavits to perpetuate the evidence of the sale.

Respondent's contention is that the sale was complete and valid as a matter of fact and as a matter of law, without the filing of any affidavit of sale, and that the statute contemplates that the affidavit shall be filed solely as evidence of the sale, and not as a part of the sale. Without intimating that the foreclosure was invalid by reason of the clerical mistake in the recital of the affidavit as to the place of the sale, we are satisfied that another affidavit was properly filed to make the record comply with the facts by correcting a purely clerical error. The statute permits an affidavit of sale to be filed under certain circumstances; that is, to perpetuate the evidence of the sale. In this case one was filed which recited a sale at a different place than that described in the notice. This was not any proof of the sale as it was made. An affidavit reciting a sale at Fargo is not any proof of a sale at Casselton. It follows, therefore, that no affidavit of sale pursuant to the notice for sale at Casselton was, in a legal sense, made until the second affidavit was filed. The time during which such an affidavit might be filed was not limited by the statute. We think that it was competent to file such additional affidavit at the time when it was filed by the officer. The authorities are few that apply to this state of facts. In

Wiltsie on Mortgage Foreclosure, § 819, it is stated: "If the affidavits are defective, it seems that amended affidavits may be filed according to the facts; as against the mortgagor, at least, they may be filed at any time." In § 823 of the same work, it is stated: "Affidavits required in a foreclosure by advertisement are simply evidence of the completion of the proceedings, and are for the benefit of the purchaser at the sale, and may be made at any time after the sale has been completed." See also Bunce v. Reed, 16 Barb. 347; Mowry v. Sanborn, 72 N. Y. 534.

In foreclosures by action the authorities are general that amendment to the returns of sheriffs or other officers on the foreclosure of mortgages on real estate may be made at any time upon order of the court, in cases where innocent persons are not affected. We think the principles applicable to such amendments are in point on this case. In this case no one was affected or injured by the filing of the additional affidavit, as no new rights had accrued since the sale.

It is further claimed by the appellants that the plaintiff cannot recover in this action, on the alleged ground that Ferdinand Piper, her grantor, never had title to the land. This contention is based on the fact that the deeds from Fuller & Johnson to said Piper were merely quitclaim deeds and conveyed the present interest of the grantors only. As redemptioners, Fuller & Johnson quitclaimed to Piper before receiving a sheriff's deed. Afterwards the sheriff made and delivered his deed of this land to said Fuller & Johnson. The quitclaim deed to Piper was at least an equitable assignment of Fuller & Johnson's right to the deed under their redemption. It conveyed to Piper all the right, title, and interest of Fuller & Johnson to the land. Thereafter the sheriff gave a deed of this land to Fuller & Johnson; but Fuller & Johnson had no right to such deed at that time, as they had previously quitclaimed their rights to the land to Piper. Fuller & Johnson, however, subsequently deeded this land by a quitclaim deed to Piper, and through this deed was conveyed to Piper the interest that was acquired by Fuller & Johnson through the sheriff's deed delivered to them after they had quitclaimed to Piper. Piper having conveyed the land to the plaintiff, the title was vested in her. Our conclusion on this objection to the foreclosure proceeding is that the title was conveyed to Piper, and by him to this plaintiff.

There is, however, another ground on which the plaintiff's title is valid, and gives her the right to maintain this action. In the year 1886, Ferdinand Piper brought an action in the district court of Cass county against the defendant August Friese for the possession of the land involved in this suit. In that case, Piper's complaint alleged that he was the owner in fee simple of the land, and entitled to the possession of the same, and that the defendant was wrongfully and unlawfully in the possession thereof and wrongfully withheld the possession from the plaintiff, and judgment was demanded for the possession of said land. The defendant answered and denied that the plaintiff was the owner of the premises or entitled to their possession. After a trial before a jury, a verdict was found in favor of the plaintiff, that he was entitled to the possession of the land and that the defendant unlawfully withheld the same from him. Pursuant to such verdict, a judgment was entered that the plaintiff was entitled to the possession of the premises. Subsequently a writ was issued commanding the defendant to deliver the possession of the premises to the plaintiff in that action, and the writ was served upon the defendant, and subsequently the defendant was dispossessed from the said premises by the sheriff of Cass county, acting under proper authority. There was no appeal from that judgment. The plaintiff in that action or his grantees have been in possession of said premises ever since. The defendant has not been in possession of the premises since 1887.

The title of the plaintiff in that action and his right to the possession of the premises were based solely and entirely upon the foreclosure action which the plaintiff relies on in this action. The same issues that are litigated in this action were necessarily in issue and litigated in that action, and were necessarily adjudicated in that action. Having been an issue in that action, and having been adjudicated in that action, the matter is *res adjudicata* in this case. This is an additional ground why the defendant cannot prevail in this action. The defendants, however, claim that the judgment in that case was void, as shown on its face, upon the alleged ground that the district court of Cass county had no jurisdiction to entertain that action. The precise contention is that the court had no jurisdiction of the subject-matter of that action. Their contention is that the action was one for the forcible entry and detainer of real estate of which the district court had no jurisdiction

as an original action. However that may be under pertinent facts, it is clear to us that the action was one for the possession of the real estate in question, and that it was brought under chapter 29 of the Compiled Laws of 1887, which authorizes an action for the possession of real property wrongfully withheld from one entitled thereto. From a reading of the complaint, answer, verdict, and judgment in that action, we are entirely satisfied that it was properly brought under that chapter, and that it was not intended as an action of forcible entry and detainer.

The allegations of the complaint do not correspond to any of the conditions under which the action of forcible entry and detainer is maintainable, as laid down in article 7, chap. 1, Justice's Code, Comp. Laws 1887. The allegations of that complaint are as follows: First, an express allegation that the plaintiff was the owner in fee of the real estate described, and had been the owner thereof since the 29th day of March, 1886, and that he was entitled to the exclusive possession of the same. Second, the complaint alleges: "The defendant is now, and ever since the 29th day of March, 1886, has been, wrongfully and unlawfully in the possession of said premises, and now wrongfully and unlawfully withholds possession thereof from the plaintiffs." After which there are allegations in the complaint of a demand for the possession and the annual value of the use of the land since March 29, 1886. The prayer for judgment is: First, for the possession of said premises; second, for damages; third, costs. The verdict found in reference to all allegations of the complaint, and the judgment determined all the facts alleged in the complaint and denied in the answer. We are therefore entirely satisfied that the issues in that case determined finally the issues in this case, and that the matter is now res adjudicata so far as these parties are concerned.

It is the contention of the defendant, however, that no legal judgment was ever entered upon the verdict in that case. The judgment was signed by the judge of the district court, and, after reciting the verdict in full, was as follows, in part: "Therefore it is adjudged that the plaintiff, Ferdinand Piper, recover of the defendant August Friese the possession of the real property described in the complaint." And this was followed by words, "by the court," and signed by Wm. B. McConnell, Judge. It was therefore a "final judgment," and

not an order for judgment. The fact that the judgment was signed by the judge, of itself, does not deprive it of its force as a final adjudication of the rights of the parties. Further, the judgment was regularly entered in the judgment book. Under the repeated decisions of this court, this constituted a final judgment and determined the rights of the parties. McTavish v. Great Northern R. Co. 8 N. D. 333, 79 N. W. 443; Cameron v. Great Northern R. Co. 8 N. D. 124, 77 N. W. 1016.

It is further claimed that Piper conveyed the land to two persons at different times under contracts for the sale thereof, and that those persons did not reconvey the land to him, and that in consequence of this fact he had no title to the land, and could not convey same to the plaintiff in this action. It is true that two contracts were made between two different parties under which Piper agreed to convey the land upon compliance with certain conditions. These conditions were never complied with, and the parties with whom Piper made the contracts abandoned the possession of the land and abandoned the contracts. Under the decisions of this court, such contracts may be abandoned and forfeited in that way, and the title remains in the grantor without any conveyance from the person abandoning the land and the contract. By abandoning the contract and the land, the provisions of the contract are deemed waived, and the contract annulled and extinguished. Mahon v. Leech, 11 N. D. 181, 90 N. W. 807; Wadge v. Kittleson, 12 N. D. 452, 97 N. W. 856.

The judgment of the district court is affirmed. All concur.