A. J. WIRTZ, C. H. Wirtz, and W. W. Wirtz, Copartners as Wirtz Brothers v. OTTO WOLTER and Scandia American Bank, a Corporation.

(155 N. W. 1092.)

**Mortgage — note — renewal — indebtedness of first note and mortgage — other claims included — prior mortgage not extinguished — no express agreement for.**

The giving of a renewal note and mortgage for the amount of the indebtedness covered by the first note and mortgage and other indebtedness does not operate to satisfy and extinguish such prior note and mortgage, in the absence of an express agreement to that effect.

Opinion filed December 31, 1915.

Appeal from the District Court of Mountrail County; *Frank E. Fisk,* J. From a judgment in defendant's favor, plaintiff appeals.

Affirmed.

*Van R. Brown,* for appellants.

The last mortgage given and delivered for the same debt secured by a

prior mortgage, but including other indebtedness, did not cancel the first or prior mortgage, but it was obliterated by the second or new mortgage, which was substituted for the old one. It was the last and really the only, agreement standing between the parties. Stow v. Russell, 36 Ill. 18; Hargrave v. Conroy, 19 N. J. Eq. 281; Bradway v. Groenendyke, 153 Ind. 508, 55 N. E. 434; Smith v. Bettger, 68 Ind. 254, 34 Am. Rep. 256; Thacher v. Dinsmore, 5 Mass. 299, 4 Am. Dec. 61; Apthorp v. Shepard, Quincy (Mass.) 298, 1 Am. Dec. 6; Mason v. Douglas, 6 Ind. App. 558, 33 N. E. 1009; Nixon v. Beard, 111 Ind. 137, 12 N. E. 131.

*Thomas M. Cooney,* for respondent.

Where a new mortgage on property is executed in renewal of an existing one, whether for the same amount or not, the new mortgage will not operate as a discharge of the original security, unless by express agreement, or the intention of the parties so to do is clear and certain. 7 Cyc. 68, subdiv. E, and cases cited; Miller v. Griffin, 102 Ala. 610, 15 So. 238; Cobbey, Chat. Mortg. 472, and cases cited; City Bank v. Radtke, 87 Iowa, 363, 54 N. W. 436; Jones, Chat. Mortg. § 644; Dempsey v. Pforzheimer, 86 Mich. 652, 13 L.R.A. 388, 49 N. W. 465; Howard v. First Nat. Bank, 44 Kan. 549, 10 L.R.A. 537, 24 Pac. 986.

Nothing but payment in fact of the debt, or the release of the mortgage, will discharge it. Packard v. Kingman, 11 Iowa, 219; Crosby v. Chase, 17 Me. 369; Hadlock v. Bulfinch, 31 Me. 246; Gregory v. Thomas, 20 Wend. 19; Morse v. Clayton, 13 Smedes & M. 381; Alferitz v. Ingalls, 83 Fed. 964; Griffith v. Grogan, 12 Cal. 323; Crary v. Bowers, 20 Cal. 86; Austin v. Bailey, 64 Vt. 367, 33 Am. St. Rep. 932, 24 Atl. 245; Miller v. Griffin, 102 Ala. 610, 15 So. 238.

FISK, C. J. The facts in this case were all stipulated by counsel, and the findings of fact by the trial court are in accord with such stipulation, appellants' sole contention being that the conclusions of law are not warranted by such facts.

The appeal raises but one question for our consideration, and that is whether a renewal note and mortgage given for the amount of the indebtedness covered by the old note and mortgage operates in law to supersede such prior note and mortgage. In the light of the conceded

fact as found, that nothing has been paid on either of such notes or mortgages except an amount realized from a foreclosure sale, and, further, that the creditor never released, nor agreed to release, any of the securities taken by it, we have no hesitancy in answering such question in the negative. As we glean from the brief of counsel for appellant, he seems to labor under the impression that because the creditor took a renewal note and mortgage covering the same debt and security, that such act operated in law to satisfy and extinguish the first note and mortgage. This is not the law, nor do the authorities cited by appellant support his contention. These authorities are: Stow v. Russell, 36 Ill. 18; Hargrave v. Conroy, 19 N. J. Eq. 281; Bradway v. Groenendyke, 153 Ind. 508, 55 N. E. 434; Smith v. Bettger, 68 Ind. 254, 34 Am. Rep. 256; Thacher v. Dinsmore, 5 Mass. 299, 4 Am. Dec. 61; Apthorp v. Shepard, Quincy (Mass.) 298, 1 Am. Dec. 6; Mason v. Douglas, 6 Ind. App. 558, 33 N. E. 1009; Nixon v. Beard, 111 Ind. 137, 12 N. E. 131.

If any authority is needed in support of our views, see 7 Cyc. 1011, and numerous cases cited; also many late cases cited in supplement to above work. See also the more recent case of State Bank v. Mutual Teleph. Co. 123 Minn. 314, 143 N. W. 912, and exhaustive note to this case as reported in Ann. Cas. 1915A, 1082.

Judgment affirmed.