FARMERS STATE BANK OF COLGAN, NORTH DAKOTA, a Banking Corporation, Plaintiff and Appellant, v. HANS KVAMME, Defendant and Respondent.

(197 N. W. 143.)

**Bills and notes — holder may sue on original note where conditional renewal note not delivered.**

1. Where a renewal note is shown to have been given upon condition that it was not to take effect until signed by all the parties who had signed the original note, and where the original note was surrendered before the condition was performed, it is *held* that the surrender is likewise conditional upon the completion of the renewal note, and upon the failure of one of the original signers to execute the renewal note, the creditor has a right of action on the .original note.

---

Note.—(2) Extension of time to principal not discharge of surety, see 21 R. C. L. 1023.

**Principal and surety — surety not discharged by extension where note stipulates for extension without notice.**

2. Where a note embodies a stipulation consenting that the time of payment may be extended without notice to any of the sureties, a surety is not discharged by reason of an extension of time granted to the principal debtor.

**Principal and surety — surety on note to bank not discharged because principal debtor had deposit in bank after maturity.**

3. A surety on a promissory note given to a bank is not discharged by virtue of the fact that the principal debtor had money on deposit in the bank after the maturity of the note. First International Bank v. Beiseker, 43 N. D. 446.

Opinion filed January 23, 1924.

Bills and Notes, 8 C. J. §§ 854 p. 613 n. 42; 1069 p. 808 n. 36. Principal and Surety, 32 Cyc. pp. 198 n. 30 New; 224 n. 47 New.

Appeal from the District Court of Divide County, *Lowe, J.*
Reversed.

*Palda & Aaker,* for appellant.

It may be true that the conduct of an attorney in going out of the record, and stating facts to the jury not in evidence, may be so reprehensible and so manifestly intended to mislead the jury, as to be ground for reversal, even if the trial court should direct the jury to disregard what he said on the subject. Boyd v. Portland Elec. Co. 37 Or. 567, 62 Pac. 376, citing Smith v. Telegraph Co. 55 Mo. App. 626; Waldron v. Waldron, 186 U. S. 561, 39 L. ed. 455, 15 Sup. Ct. Rep. 383; Coal Co. v. Sneddon, 96 Ky. 684, 34 S. W. 228.

"A matter, whether consisting of one or many questions, which has been solemnly adjudicated by a court of competent jurisdiction, must, in any subsequent litigation between the two parties, where the same questions or question arises, be deemed to have been finally and conclusively settled except where the litigation is a direct proceeding for the purpose of reversing or setting aside such adjudication. . . . This species of estoppel is known to the law as an estoppel by verdict, and is equally available to a plaintiff in support of his action, when the circumstances warrant it, as when offered by a defendant as matter of defense." 15 R. C. L. 973.

A former judgment if admissible in evidence, is conclusive of the matters in issue and actually determined by it, although it is not

pleaded. Southern P. R. Co. v. United States, 166 U. S. 1, 42 L. ed. 355, 18 Sup. Ct. Rep. 18.

"A party who has, with knowledge of the facts, assumed a particular position in judicial proceedings is estopped to assume a position inconsistent therewith, to the prejudice of the adverse party." Snouffer v. Tipton, 150 Iowa, 73, 129 N. W. 345, Ann. Cas. 1912D, 414.

If the right to shift grounds and adopt inconsistent positions were permissible, there would be no end of litigation, for with every defeat a party might change his grounds, and mend his holes and proceed indefinitely. 15 R. C. L. 958; 16 Cyc. 799; Moser v. Philadelphia H. P. R. Co. 233 Pa. 259, 40 L.R.A.(N.S.) 519, 62 Atl. 362; Leonard v. Behall, 132 Minn. 446, 4 A.L.R. 1166, 157 N. W. 723; 10 R. C. L. 698, 702; Black, Judg. § 632; First Nat. Bank v. Buttery, 17 N. D. 326, 116 N. W. 341, 17 Ann. Cas. 52, 16 L.R.A.(N.S.) 878.

Our court has held that a person who signs a note on its face as an accommodation maker and who receives no part of the consideration is primarily liable. First Nat. Bank v. Meyer, 30 N. D. 388, 152 N. W. 657; Bank v. Bellamy, 19 N. D. 509, 125 N. W. 688; Vanderford v. Farmers etc. Nat. Bank, 105 Md. 164, 10 L.R.A.(N.S.) 129, 66 Atl. 47.

*Brautelien & McIlraith,* for respondent.

This court will note that the special findings are consistent with the general verdict and the rule is that it is only when there is an irreconcilable conflict between the special findings of the jury and its general verdict, that it is proper for the court to grant a motion for judgment notwithstanding the jury's general verdict. Wabash R. Co. v. Tippecanoe Loan etc. Co. 178 Ind. 113, 38 L.R.A.(N.S.) 1167, 98 N. E. 64.

Plaintiff asks for judgment notwithstanding the verdict; but this should not be granted unless it clearly appears from the whole evidence that the defense sought to be established could not, in point of substance, constitute a legal defense. In other words, before the plaintiff is entitled to such judgment, it must appear clearly, upon the whole record, that the plaintiff is entitled to a judgment on the merits as a matter of law. Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958; Marquardt v. Hubner, 77 Minn. 442, 80 N. W. 617; First State Bank v. Kelly, 30 N. D. 98.

It should be remembered that it is the trial, and not the appellate, court which is vested with discretionary powers in determining the motion for a new trial. The appellate court is limited to a consideration of whether the trial court clearly abused its discretion in ordering a new trial. The question presented to the appellate court is not whether a new trial should be granted or denied, but whether the trial court abused its judicial discretion in ordering a new trial. Reid v. Ehr, 36 N. D. 558. See Alabama G. S. R. Co. v. Hill, 93 Ala. 524, 9 So. 722; Galvin v. Meridian Nat. Bank, 129 Ind. 439, 28 N. E. 847; Stratton v. Dole, 45 Neb. 472, 63 N. W. 875; Moore v. Moore, 73 Tex. 382, 11 S. W. 396.

BIRDZELL, J. At the request of and as surety for one Hans Lee, the defendant and three other parties executed a note for $1,000, dated December 7, 1918, and payable to the order of the Farmers State Bank of Colgan on October 1, 1919 with interest at 10 per cent per annum. This action was brought on this note against the defendant Kvamme as a maker severally liable. In the lower court the defendant recovered judgment for costs and for the dismissal of the action.

The facts necessary to be stated upon this appeal are as follows: Some time after the maturity of the note in suit, steps were taken by the plaintiff bank to obtain a renewal thereof. To that end, Lee, Kvamme and one Moe, one of the makers, went to the bank and arranged for the renewal. A note was executed by all these parties and the note in suit surrendered to Hans E. Lee, the principal debtor and one of the makers on both notes, but it was not cancelled or stamped as paid. Later Ivar Lee, a brother of Hans and a maker of the original note, signed the renewal note but the other maker, Hadle Johnson, never signed it. After the maturity of the latter note, suit was brought thereon against Kvamme, the defendant herein, who in that action pleaded as a defense the signing and the delivery by him of the renewal note upon condition that it should have no validity or effect or be binding upon anyone unless signed by all parties who had signed the original note, and that such was the agreement between him and the plaintiff; that Hadle Johnson did not sign the renewal note and hence the condition had not happened upon which it was effective and

binding as to Kvamme. In that action the defendant had judgment; whereupon the present action was instituted against Kvamme on the original note. In this action the defendant pleads, in substance, that Lee is principal and the other makers sureties; that this relationship was known to the plaintiff at the time of the execution of the note; that the note has been paid by the principal debtor who was the owner and holder of the note at the time of the commencement of this action; that after the maturity of the note, Lee was a customer and depositor in the plaintiff bank and that from time to time he had had sufficient money on general deposit in the plaintiff bank to pay the note in full. He also alleges a discharge of his liability as surety by reason of an extension of time contracted for between the plaintiff and the principal debtor and effected by the renewal note above referred to. The defendant also pleads a renunciation and surrender and cancellation and discharge of his liability on the original note, effected through the renewal transaction.

At the close of the case, the plaintiff moved for a directed verdict, which motion was denied, and after the rendition of the verdict, it moved for a judgment non obstante which was likewise denied. The note in suit is as follows:

Colgan, No. Dak., December 7th, 1918.

October 1st, 1919 after date, for value received, I promise to pay to the order of Farmers State Bank of Colgan, North Dakota, One Thousand and no/100 ............................... Dollars.

With interest at the rate of 10 per cent per annum, payable at The Farmers State Bank, of Colgan, North Dakota. Interest and principal not paid when due shall bear interest at the rate of 10 per cent per annum thereafter until paid.

We, the makers, sureties and endorsers of this note, hereby severally waive presentment for payment, notice of non-payment, protest and notice of protest, and diligence of bringing suits against any party thereto, and consent that time of payment may be extended without notice thereof to any of the sureties of this note.

(Signed)     Hans E. Lee

P. O. Ambrose, N. D.     Gilbert Moe

            Ivar E. Lee

          Hadle Johnson

          Hans Kvamme

There is an indorsement on the back as follows: "Paid December 30, 1919, interest to date $106.60." After a full consideration of the record in this case, we are of the opinion that it contains no evidence going to establish a defense to the note in suit, and we are further of the opinion that, as the whole transaction from the defendant's standpoint is disclosed, there is no deficiency in the proof to be supplied, which would establish a defense. It will be observed that the defendant makes no contention with reference to the circumstances in which the note was given. He sets up no defense to his liability based upon the initial transaction. Under the evidence in this case, as well as in the former action on the renewal note, insofar as the latter evidence appears in this record, it is clear that Hans Lee was desirous of borrowing money from the plaintiff bank, that the only terms upon which the bank would consent to make the loan were that he would secure responsible individuals to sign the note with him and that the defendant Kvamme signed for the purpose of enabling Lee to obtain the loan. It is also clear that the loan was obtained and that Lee received the benefit of the money advanced by the bank. This note, then, represented a clear obligation of all those who had signed it. Such was the situation when Lee, Kvamme and Moe met in the bank for the purpose of effecting the renewal. Concerning the renewal, the defendant, in the action brought to charge him as a maker, pleaded as follows: "It was then and there agreed between plaintiff and this defendant that all the signers to the note described in paragraph 3 (the original note) of this answer should sign and become parties to such renewal note as a condition precedent to such renewal note *having any validity or effect or being binding upon anyone;* that it was agreed between plaintiff and defendant that said renewal note was not to be construed as entered into or delivered by defendant until all of such parties or persons, to wit: Hans E. Lee, Gilbert Moe, Ivar E. Lee, Hadle Johnson and this defendant, did sign the same, and said purported renewal note was not given over to the plaintiff with any intention or upon any agreement of having it take effect unless all of said persons did so sign said renewal note, all of which was understood and agreed between plaintiff and defendant; that Ivar E. Lee signed said purported renewal note at some date soon after October 13, 1920, but that Hadle Johnson did not sign the same and had not signed the same up to

and at the time of the commencement of this action . . . and because such condition precedent was not performed or complied with, said purported renewal note is wholly ineffective and void and is in no way or manner binding upon this defendant, and paragraph 2 of the plaintiff's complaint herein described and has reference to said purported renewal note which was never completely executed and which never became effective, and to none other."

The defendant testified in this case as follows:

Q. Now you also signed the second note, exhibit C, did you not? A. Yes.

Q. Who asked you to sign that? A. Hans Lee.

Q. And you signed that for the same reason as you said you signed the other, to accommodate Mr. Lee? A. Yes.

Q. *Now when you signed this exhibit C it was upon the condition was it that all the other signers upon exhibit 3 should also sign it?* A. *It was.*

Q. *And this note was not to be delivered or used by the bank unless they all signed it, wasn't that true?* A. Yes.

It further appears, by the undisputed evidence in this case, that when the three parties who were present in the bank executed the renewal, the original note (the one now in suit) was given to Hans Lee and it came from his possession when it was introduced in evidence in the former suit. Lee admits that it has never been paid and further admits that the renewal note against which the defendant has successfully maintained his defense has not been paid, but the defendant seeks to maintain in this case the position that the note was delivered to the principal debtor without any condition whatsoever attaching to its delivery and that it is consequently discharged. This contention is supported by the fact that the note was no longer treated as an asset of the bank; that in his testimony in the former action on the renewal note, the cashier of the bank took the position that the renewal note was a "new settlement" and was binding upon the defendant Kvamme as such. That evidence, which was repeated to the cashier while he was on the witness stand in this case, is admitted to have been given and

such was doubtless the position of the plaintiff in that case. However, the plaintiff was not successful in that action. It failed to establish that the new note was given unconditionally by those whose signatures appeared thereon, but, on the contrary, the defendant pleaded and established that the renewal note was given upon a condition which had not been performed and which consequently rendered it ineffective as a note. As the plaintiff's version of the renewal transaction was not found to be correct and as the defendant has had the benefit of the conditional renewal contract, as he understood it, he can not complain when the plaintiff seeks to avail itself of its right under the same contract. The plaintiff has reaped no benefit from the renewal transaction, as it claimed it to be, and neither has the defendant been prejudiced. The plaintiff is, therefore, not precluded from asserting its rights under the renewal transaction as established by the defendant. To be consonant with the conditional delivery of the renewal note, the surrender of the original note must likewise have been conditional. There are no facts disclosed in this record from which reasonable men, in the exercise of an honest judgment, could infer that the plaintiff intended to cancel absolutely and regardless of conditions and without consideration the liability of the parties on the original note while taking the renewal note upon the condition that it was not to become binding or be considered as delivered until all of the original signers had signed it. Such an inference would be contrary to all business experience. Business men do not release individuals obligated to them on the strength of future contingencies over which they have no control. Assuming, as we must, the conditional delivery of the renewal note, the breach or nonfulfillment of the condition carries with it by necessary implication the restoration of the obligation it was to replace. Savings Bank v. Central Market Co. 122 Cal. 28, 54 Pac. 273; Bridge v. Connecticut Mut. L. Ins. Co. 167 Cal. 774, 141 Pac. 375; Farmers Sav. Bank v. Arispe Mercantile Co. 139 Iowa, 246, 117 N. W. 672, 23 L.R.A.(N.S.) 889, 130 Am. St. Rep. 324; First State Bank v. Lang, 55 Mont. 146, 9 A.L.R. 1139, 174 Pac. 597; Wirtz v. Wolter, 32 N. D. 364, 155 N. W. 1092; Anderson v. Kain, 40 N. D. 632, 169 N. W. 501. See note in Ann. Cas. 1915A, p. 1084.

In view of the express stipulation embodied in this note, whereby

the sureties "consent that time of payment may be extended without notice," there is no merit to the defense sought to be established in this case based upon the renewal note operating as a contract to extend the time of payment. Such a stipulation constitutes an effective waiver of this defense on the part of the surety. See 1 Brandt, Suretyship & Guaranty, 3d ed. § 379. In the light of this stipulation, the instructions of the trial court upon this subject are clearly erroneous.

Equally without merit is the defendant's contention that he is discharged by reason of the fact that the principal debtor had money on deposit in the plaintiff bank after the maturity of the note. First International Bank v. Beiseker, 43 N. D. 446, 175 N. W. 637. There is no evidence that the principal debtor has tendered payment.

As stated above, the undisputed evidence in the case shows that this note has not been paid and that no part of the indebtedness itself, which the note represents, has been paid save the amount indorsed on the back of the note. Since no defense has been proved and since it does not appear that there is any deficiency in the proof that can be supplied, it follows that the plaintiff is entitled to a judgment notwithstanding the verdict, and it is so ordered.

CHRISTIANSON, JOHNSON, and NUESSLE, JJ., concur.

BRONSON, Ch. J., concurs in the result and in the principles announced in the syllabus.