STATE BANK OF FINLEY, a Corporation, Respondent, v. A. R. DRONEN, S. O. Dronen, and Nils Olson, Defendants, and S. O. DRONEN, Appellant.

(197 N. W. 150.)

**Directed verdict — unauthorized for defendant where plaintiff has made a prima facie case.**

1. In a suit by the payee of a promissory note against the makers, it is proper to deny a motion for a directed verdict made at the conclusion of plaintiff's case, when the plaintiff has proved the execution and the nonpayment of the note.

**Motion to dismiss — held properly denied in suit on note for noncompliance with renewal statute.**

2. For reasons stated in the opinion, it is *held*, that chapter 91, Session Laws, 1921, has no application to the facts in this case and that a motion to dismiss, based upon alleged noncompliance with such chapter, was properly denied.

**Bills and notes — payee retaining possession of original note may sue thereon notwithstanding subsequent renewals.**

3. It is *held*, for reasons stated in the opinion, that the payee named in the note may sue on the original note, notwithstanding subsequent renewals thereof, possession of the original note at all times having been retained by the payee.

**Evidence — exclusion of letter proper where right foundation not laid.**

4. Certain rulings of the trial court upon the admissibility of evidence examined, and, for reasons stated in the opinion, *held* correct.

**Banks and banking — professional knowledge acquired by attorney from client not imputable to bank of which attorney inactive vice president.**

5. Knowledge of facts acquired by an attorney at law, in his professional capacity, in the course of consultation with a client, is not, under the facts stated, imputed to a bank of which he is vice president, but in the management of which he is entirely inactive.

---

Note.—(1) Denial of motion for directed verdict for defendant, see 26 R. C. L. 1076.

(3) Right of payee to sue on original note notwithstanding subsequent renewals thereof, see 3 R. C. L. 1217.

(5) Knowledge of agent imputable to principal, see 21 R. C. L. 841; 4 R. C. L. Supp. 1435.

Bills and notes — burden on defendant where execution of note admitted; introduction of note and execution by defendant makes prima facie case; where defenses assumed by defendant fail plaintiff's recovery on note should be for full amount.

6. Certain instructions examined, and, for reasons stated in the opinion, held correct.

Opinion filed January 26, 1924.

Banks and Banking, 7 C. J. § 134 p. 530 n. 71. Bills and Notes, 8 C. J. §§ 1069 p. 808 n. 36; 1287 p. 979 n. 5; 1357 p. 1045 n. 78; 1360 p. 1050 n. 31; 1366 p. 1058 n. 8 New. Evidence, 22 C. J. § 1112 p. 909 n. 5. Trial, 38 Cyc. pp. 1557 n. 21; 1590 n. 49; 1591 n. 50.

In the District Court of Steele County, *Cole, J.*

Action upon a promissory note.

Judgment by default against two defendants.

S. O. Dronen appeals from judgment entered upon a verdict against him.

Affirmed.

*W. J. Courtney,* for appellant.

*Sathre & Meldahl,* for respondent.

JOHNSON, J. This is an action on a promissory note executed by the defendants on October 11, 1919, in the sum of $5,700, and payable to the plaintiff October 15, 1920. The defendants A. R. Dronen and Nils Olson did not appear or answer in the trial court and judgment went against them by default. S. O. Dronen defended and a jury returned a verdict against him for the full amount of the note. From the judgment entered on the verdict, he alone appeals.

The complaint is in the ordinary form. The defendant Dronen answered admitting the execution of the note, but alleging, in substance, that the note was delivered to the plaintiff upon condition that the money should not be delivered to A. R. Dronen, for whose benefit S. O. Dronen and Nils Olson signed as sureties or accommodation makers, unless and until a deed to certain premises, to be purchased by A. R. Dronen, be made to them jointly. It appears that A. R. Dronen was desirous of purchasing a quantity of land, but that plaintiff required additional signers to the note before it would loan the necessary money to him. The land in question belonged to an estate in process of pro-

bate and the transactions were had with the executrix. It is further alleged in the answer that the plaintiff agreed to procure a second mortgage from the defendant A. R. Dronen, for the protection of the accommodation makers, but, without legal justification, failed to do so.

The evidence tends to show that on the 13th of June, 1919, a note was executed by the defendants to the plaintiff in the sum of $5,700, due and payable in the fall; that the defendant Nils Olson was a resident of Minneapolis and that it was necessary to mail the note to him for execution; that when all three had signed and on the 23rd day of June, 1919, the amount of $5,700 was turned over by the plaintiff bank to the executrix of the estate as a cash payment upon the purchase price of the land sold to the defendant A. R. Dronen. The testimony of plaintiff's witnesses tends to show that the executrix required this cash payment and that it was the desire and understanding of the parties and signers of the note that the payment be made in order that the purchaser might take possession of the land and put in the crop and farm it during the season of 1919; that upon no other condition would the executrix permit A. R. Dronen to go into immediate possession. It further appears that on October 11, 1919, the note executed on the 13th of June was surrendered to the makers and the bank accepted a note in the same amount, dated that day and due October 15, 1920. This is the note in suit. Thereafter, this last named note was twice renewed, to-wit, on December 2, 1920, and again, on October 26, 1921.

The principal defense relied on by the appealing defendant is that he signed the note with the understanding that the money should not be paid to the executrix in payment of the land until a deed had been executed by her to himself and the other signers jointly; this was for his own protection as surety on or accommodation maker of the note. The testimony upon this vital issue in the lawsuit is conflicting. Long, the cashier of the plaintiff, testified positively that no such agreement existed; that the money was paid, pursuant to agreement with all the parties, including this defendant, on June 23, 1919; that the executrix would not permit the purchaser to take possession of the land during the farming season of 1919 without such payment and that plaintiff never had any agreement or understanding with any of the defendants that the money should be retained until a joint deed was delivered or a second mortgage taken. The testimony of the witnesses for the de-

fendant is not very clear or specific upon this point. It is needless to review it. The jury found against the defendants upon both points, the questions having been submitted under instructions clearly stating the theory of the defendant and at the same time advising the jury that if it found that such an agreement or understanding existed, namely, that the money should not be paid to the executrix until a deed to the signers jointly was delivered, or that a second mortgage should be procured by the plaintiff for the protection of the defendants, and that in violation thereof the money was paid and no mortgage procured, the verdict must be for the defendants. These issues were fairly and fully submitted to the jury and a verdict was returned against the defendant. There is ample evidence in the record to sustain the verdict in this regard and we shall pass to a consideration of errors based upon rulings of the trial court upon motions and the admissibility of evidence.

Error is based upon the refusal of the trial court to direct a verdict at the conclusion of the plaintiff's case and also upon denial of defendant's motion to dismiss. This assignment of error cannot be considered under the ruling in Leonard v. Raleigh Co-op. Mercantile Co. ante, 400, 196 N. W. 102; and Carson State Bank v. Grant Grain Co. ante, 558, 197 N. W. 146, the defendant having failed to renew the motion for a directed verdict at the conclusion of the entire case. The plaintiff, however, clearly established a prima facie case before it rested, having proved the execution of the note by the defendant and its nonpayment. The grounds of the motion are, among others, that the note is not labeled "renewed note" in conformity with chapter 91, Session Laws 1921. The note in suit, being plaintiff's exhibit 1, has written upon its face the word "renewal." At the time the note sued on was given, to wit, in October, 1919, the original note was returned; nor was there at that time any law in force in this state requiring renewed or renewal notes to be labeled in any manner. It is true that the note renewing the indebtedness, dated October 26, 1921, is not marked "renewed" or "renewal." Suit, however, is not brought on that note. Suit is brought upon the original note and the statute referred to has no application. The plaintiff may, under the facts here, sue on the original note notwithstanding the renewals. Wirtz v. Wolter, 32 N. D. 364, 155 N. W.

1092; Farmers State Bank v. Kvamme, ante, 549, 196 N. W. 143; 8 C. J. 808, note 36.

It was claimed by the defendant that a contract was entered into in writing between the defendants on the one hand, and the executrix of the estate to which the land purchased belonged, on the other; that this contract provided that the deed should be delivered to them jointly and that in violation of this contract, which, it was asserted, was known to the bank, and in the procuring of which agreement the bank was said to have been active, the deed was delivered to the defendant A. R. Dronen as sole grantee. The evidence entirely fails to connect the bank with this contract or to show that its active officers or agents had knowledge of or legal responsibility for its terms. It is alleged that the court erred in excluding evidence sought to be elicited, for the purpose of showing that the land was advertised for sale in violation "of the terms of this contract." The inference seems justified that the notice or advertisement referred to was the statutory notice required to be published by the executrix in order to make a valid sale of the land belonging to the estate. This question was asked of the appealing defendant, but, on objection, the answer was excluded. The contract had not been offered or introduced in evidence, altho the witness testified that he thought it was, at the time of the trial, in the possession of his attorney; the terms of it were not known. The question was clearly improper and the trial court properly sustained the objection.

It is next alleged that the court erroneously refused to permit the witness Olson to testify as to the contents of a letter, with reference to a second mortgage as security for the signers, which he said he wrote the plaintiff from St. Paul some time after he discovered that the deed to the land did not run to the defendants jointly. It did not appear that he knew whether the money had been paid at that time, but, in point of fact, the record shows that it had been paid a long time before; there was no claim made that the execution and delivery of the note was conditioned upon the procuring of a second mortgage; the talk of a second mortgage started when it was discovered that defendants were not joint grantees in the deed. It does not appear that this letter was mailed in the postoffice; it was mailed in a bank, but whether it was dropped into a government mail box, or otherwise left in the bank, does not appear; it does not appear whether the letter was correctly ad-

dressed and stamped when it was mailed. Manifestly, a proper or sufficient foundation for the introduction of this testimony was not laid by defendant. The ruling of the trial court excluding this evidence was clearly correct. The error predicated upon the refusal of the court to permit the witness Olson, according to the offer of proof made, to testify to the matters referred to was, for like reasons, correct.

Appellant urges error because the trial court sustained an objection to a question asked of the defendant and appellant as to whether or not the attorney for the plaintiff was "an officer of the bank." The defendant then made a formal offer of proof to the effect that the attorney for the plaintiff was "the vice president or an officer of the plaintiff" at the time when the offer to be submitted to the executrix for the purchase of the land was submitted to the attorney by the appealing defendant, or the defendants. It is not easy to see on what theory this evidence was material or competent. Assuming that it was relevant to some issue in the case for the purpose of imputing knowledge of the joint offer to purchase to the bank by reason of the fact that an officer thereof saw such offer, nevertheless, it was proper to exclude the evidence. There was no offer of proof that the attorney was an active officer of the bank. Furthermore, counsel for the defendant himself, on cross examination of the president of the bank, had elicited the information that the attorney for the plaintiff was the vice president of the bank, but was inactive in its management. The fact that the attorney held such office had already been proved without objection. Knowledge of this offer came to Sathre in his professional capacity as a member of the bar; he was consulted as a lawyer, not as an officer of the bank or as one in any degree concerned with its management. Under such circumstances, to hold that knowledge he acquired as a practicing attorney at law should be imputed to the bank because he happened at the time to hold the office of vice president, would carry the doctrine of imputed or constructive knowledge to a ridiculous and unprecedented extreme. First Denton Nat. Bank v. Kenney, 116 Md. 24, 81 Atl. 227, Ann. Cas. 1913B, 1337.

Error is also alleged upon the giving of certain instructions. The instruction objected to, in substance stated to the jury that the making of the note having been admitted, the burden of proof as to defenses devolved upon the defendant; that when the plaintiff introduced the

note in question and the defendant admitted that it was signed by him, a prima facie case was established in favor of the plaintiff, notwithstanding the fact that the defendant denied "delivery under the law, of the same." It is further stated that the defendant assumed the burden of proof with respect to the defenses alleged by him and that there is no question as to the amount due the plaintiff, if the plaintiff is entitled to recover, so that if the defenses failed, the verdict of the jury must be for the plaintiff for the full amount. Manifestly, there was no error in this instruction. A prima facie case was made in behalf of the plaintiff and the court was justified, under the facts, in so stating to the jury. See 8 C. J. 979; Madden v. Gaston, 137 App. Div. 294, 121 N. Y. Supp. 951.

Finding no error in the record, the judgment of the trial court is affirmed.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, and NUESSLE, JJ., concur.