# C. A. FINCH LUMBER COMPANY, a Corporation, Appellant, v. GOTTFRIED WEISHAAR, Respondent.

(215 N. W. 155.)

**Vendor and purchaser — written land sale contract — rights may be waived.**

1. "The mutual rights and obligations of the parties to a written contract of purchase and sale of real estate may be waived and the contract annulled and extinguished by parol." Mahon v. Leech, 11 N. D. 181.

**Vendor and purchaser — annulment of contract — when vendor cannot recover unpaid purchase price.**

2. Where a contract for the sale and purchase of land is rescinded and cancelled and the land is taken back by the vendor, no recovery can be had by him on account of the unpaid purchase price or any part thereof; and where notes have been given for such purchase price the consideration for the notes fails.

**Vendor and purchaser — taking note with other security — held not waiver.**

3. Where title to real property sold is reserved in the vendor as security for the purchase price, the subsequent taking of a note with other security does not of itself operate as a waiver of the vendor's right to his security on the land in the absence of an agreement that it shall do so.

---

Annotation.—(1) On applicability of Statute of Frauds to agreement to rescind contract for the sale of land, see annotation in 19 L.R.A.(N.S.) 881; 38 A.L.R. 294; 25 R. C. L. 579; 4 R. C. L. Supp. 1592; 6 R. C. L. Supp. 1477.

(2) On right to recover purchase price in case of mutual rescission of contract for sale of land, see 27 R. C. L. 641; 6 R. C. L. Supp. 1664.

**Payment — note for antecedent debt does not discharge it.**

4. A note given for an antecedent debt does not discharge the debt unless so agreed and in the absence of proof of such an agreement the presumption is to the contrary.

**Consideration — verdict for defendant in action on note sustained, defense no consideration.**

5. The record examined and *held*, for reasons stated in the opinion, that the evidence is sufficient to sustain the verdict as returned by the jury.

Opinion filed August 20, 1927.

Payment, 30 Cyc. p. 1194 n. 28; p. 1196 n. 32; p. 1271 n. 83; p. 1293 n. 72. Vendor and Purchaser, 39 Cyc. p. 1355 n. 32; p. 1356 n. 39, 40, 41; p. 1358 n. 52; p. 1836 n. 25.

Appeal from the District Court of Grant County, *Pugh,* J.

Action on a promissory note. From a judgment for the defendant and from an order denying its motion for a new trial or for judgment notwithstanding the verdict, the plaintiff appeals.

Affirmed.

*Hutchinson & Lynch,* for appellant.

*Jacobsen & Murray,* for respondent.

NUESSLE, J. This action was brought to recover on a promissory note. Defendant, admitting the execution and delivery of the note, pleaded failure of consideration as a defense.

The cause was tried to a jury. A verdict was returned for the defendant. At the close of the defendant's case plaintiff moved for a directed verdict. The motion was denied. The jury returned a verdict for the defendant. Judgment was entered on the verdict. Thereafter the plaintiff moved for judgment notwithstanding the verdict or for a new trial. The motion was denied. Plaintiff then took this appeal from the judgment and from the order denying its motion.

Though various errors were assigned, the only assignment here urged or relied on by plaintiff is that of the sufficiency of the evidence to sustain the verdict as returned by the jury. A determination of the challenge thus made requires an examination of the evidence with but two questions in view. First as to whether there was a cancellation of a certain contract whereby the defendant purchased land from J.

W. Finch and, second, whether the note in question was given to evidence a portion of the indebtedness due under said contract or whether it was given and accepted in payment on the contract of moneys due thereunder for interest, taxes, and other items.

It is undisputed that in 1920 the defendant purchased a half section of land from J. W. Finch. He paid a down payment of $5,000 and contracted to pay the remainder of the purchase price in instalments with interest, payable on November 1st of each year thereafter until the contract was satisfied. In 1921 the defendant was unable to make his payment. So on the payment date, November 1st, he executed and delivered to his vendor, Finch, two notes aggregating $957, one of which is the note in suit, payable October 1st, 1922, and secured by chattel mortgage on the 1322 crop to be grown on the land in question. He sowed the land to crop and harvested this crop. Finch threshed the crop and took the same into his possession. He applied the proceeds on the notes in question but this was not sufficient to pay both notes. Thereafter and in 1925 Finch sold the unpaid note on which this suit is brought to the plaintiff for a valuable consideration.

The defendant removed from the land in the fall of 1922 and thereafter exercised no rights of ownership and claimed no rights under his contract. J. W. Finch had purchased this land from the Kroll estate on contract prior to the sale to the defendant. In 1923 the manager of the Kroll estate leased the premises to one Nelson. Nelson had some talk respecting the land with Finch in the spring of 1923 and apparently the lease to him was made with the knowledge and consent of Finch. In 1924 Finch surrendered the contract from the Kroll estate and quit-claimed his interest in the land to the estate.

The defendant contends that the contract under which he purchased the land from Finch was surrendered and cancelled by mutual consent in the fall of 1922. He further contends that the notes given by him to J. W. Finch on November 1st, 1921, were given to evidence his indebtedness then past due under the terms of the contract and that there was no intention that the same should be considered as a payment on the contract or that the contract should be to that extent satisfied, and that when in 1922 the contract was cancelled and rescinded by mutual consent the consideration for such notes failed. On the other hand, plaintiff contends that it bought the note in suit in good faith and paid

value therefor; that the note was given for interest due on the contract and for past due taxes on the land; that it constituted a payment on the contract and to that extent the debt owing under the terms of the contract was satisfied and discharged; that even though thereafter the contract was cancelled and rescinded, nevertheless there was no failure of consideration for the note. Plaintiff further contends that there was never any rescission and cancelation of the contract. The trial court submitted the issues thus arising to the jury. The jury adopted the defendant's version of the evidence and returned its verdict for the defendant accordingly.

It seems to us that the evidence is amply sufficient to sustain the proposition that the contract was cancelled and rescinded by mutual consent. It is undisputed that there was some conversation respecting a cancelation or abandonment of the contract between the parties in the fall of 1922. At that time the defendant desired to have it cancelled. J. W. Finch, his vendor, told him that if the contract were cancelled defendant would lose all the money that he had paid. Defendant said that he did not care if he did lose it all. Thereafter he left the land. Finch knew of this abandonment. Without objection on Finch's part the Kroll estate leased the land to Nelson. Nelson went into possession and cropped the land. Thereafter Finch surrendered his contract to the Kroll estate and gave the estate a quitclaim deed. It would be difficult other than by a formal instrument in writing for Finch to evidence more clearly a recognition of the fact that the contract had been cancelled and rescinded. No other construction can be put upon his conduct than that he believed the contract was cancelled. The law does not require a formal cancelation. "The mutual rights and obligations of the parties to a written contract for the purchase and sale of real estate may be waived and the contract annulled and extinguished by parol." Mahon v. Leech, 11 N. D. 181, 90 N. W. 807; Wadge v. Kittleson, 12 N. D. 452, 97 N. W. 856; Ottow v. Friese, 20 N. D. 86, 126 N. W. 503.

There remains then the question as to whether under the circumstances the fact of cancelation of the contract in 1922 resulted in a failure of consideration of the note in suit given in 1921. There is no doubt that when a contract for the sale of land is rescinded and cancelled and the land is taken back by the vendor, no recovery can be

had by him on account of the unpaid purchase price or any part thereof. And where notes have been given for such purchase price the consideration therefor fails. See Security State Bank v. Krach, 36 N. D. 115, 161 N. W. 568.

In the instant case when settlement time came on November 1st, 1921, the defendant apparently was unable to make the payments as required by his contract so he executed the notes to Finch secured by a mortgage on the crop to be grown on the land in 1922. He says that these notes were for interest due on the contract and back payments. Finch did not testify as to the matter. The plaintiff argues that the notes were given to cover interest and taxes which the defendant should have paid under the terms of the contract. In any event Finch took the notes. Concededly they were given, in part at least, to cover interest. The record is silent as to anything being said about the amount of the notes being credited upon the contract. The contract fails to show that they were so credited. Plaintiff now contends that the notes were in fact payments on the contract and that when Finch took them he waived, to that extent, his rights under the contract. Though it be conceded, as plaintiff contends, that where a vendor of real property takes his vendee's note with other security for the purchase price he thereby waives any implied vendor's lien that he may have, nevertheless this is not the rule where the title to the property sold is reserved in the vendor as security for the purchase price. See Longmaid v. Coulter, 123 Cal. 208, 55 Pac. 791; 27 R. C. L. 606, and cases cited; 2 Jones, Mortg. 7th ed. § 927. Where title to the property sold is reserved in the vendor, the subsequent taking of a note with other security does not of itself operate as a waiver of the vendor's right to his security on the land in the absence of an agreement that it shall do so. Such security is for the debt, and the note is merely evidence of the debt. A note given for an antecedent debt does not discharge the debt unless so agreed, and in the absence of proof of such an agreement the presumption is to the contrary. See Wirtz v. Wolter, 32 N. D. 364, 155 N. W. 1092; Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923; 30 Cyc. 1194, et seq. In the instant case there is no evidence of an agreement between the defendant and Finch that the taking of the notes should to that extent discharge and satisfy the debt due under the contract of purchase and sale. All the inferences that may be drawn

from the record are to the contrary. Nothing was said to the effect that the amount of the notes should be credited upon the contract. No credit was indorsed upon the contract. In the fall of 1922 when the talk was had between the parties about the effect of abandonment or cancelation of the contract, Finch told the defendant that if the contract were cancelled the defendant would lose what he had paid but nothing was said about the notes. No demand was then made upon the defendant for the payment of the same and no intimation was given to him that he would be required to pay the same if the contract were cancelled. The record amply warrants the jury in finding as they did, that the note in suit was given merely to evidence a part of the contract indebtedness and was not given with the intention that it should be a payment and to that extent satisfy and discharge the contract.

The evidence clearly sustains the verdict as returned. The order of the trial court denying the plaintiff's motion for judgment notwithstanding the verdict or for a new trial was right and the judgment and order must be affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., concur.