## Sweesey *versus* Kitchen *et al.*

1. An attorney confessing judgment against a defendant may be called on to file his warrant ; if it be entirely wanting in a power to appear and confess the judgment, the court to effectuate justice may strike off the judgment.

2. Setting aside a judgment is a matter of sound discretion on the facts, and the refusal is not the subject of a writ of error.

3. A judgment was confessed by attorney on a note commencing " I promise to pay," &c., with warrant attached, having unfilled blanks, and signed by defendant, viz.: " And —— empower any attorney, &c., to appear for —— and confess judgment against ——," &c. *Held,* that the warrant was not void, and the attorney properly interpreted the blanks to be intended to be filled with " me."

4. The note being that of defendant with warrant on the same paper, the person was the same as the one named in the note, that is the defendant.

5. In such case, if the interpretation of the blanks be unsound, the defendant will be left to his remedy against the attorney.

November — 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

[Sweesey *v.* Kitchen.]

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1875, No. 167.

The record of the court below showed as follows :—

"Cyrus Kitchen & Co. ⎫
        *v.*      ⎬ No. 494 November Term 1874.
·Jefferson Sweesey. ⎭

"November 20th 1874. By virtue of a power of attorney, Pearson Church appears for the defendant and confesses judgment against him for one thousand and ten dollars and fifty-five cents."

On the 5th of April 1875, rule was granted to show cause why judgment should not be opened and the defendant let into a defence. Testimony was taken under the rule. On the 21st of May 1875, the defendant moved to have the judgment stricken off because there was no warrant of attorney authorizing the entry. On the same day, the court ordered, "the original note on which the judgment was entered to be filed," and overruled the motion.

The note filed was as follows :—

"$962.34.                    Meadville, Pa., May 27th 1874.

"Four months after date, for value received, I promise to pay to Cyrus Kitchen & Co., lessees, Meadville Agricultural Works or order, nine hundred sixty-two 34-100 dollars, and in case of default of payment at maturity one additional 5 per cent. for attorney's fees for the collection of the same. And —— empower any attorney of record in this Commonwealth or elsewhere to appear for —— and confess judgment against —— for the above sum, together with 5 per cent. additional with costs of suit, release of errors and without stay of execution ; and for value received —— do waive the right and benefit of this state or any state exempting property, real or personal, from sale ; and if levy be made on land —— do also waive the right of inquisition and consent to the condemnation thereof, with full liberty to sell the same on fi. fa. with release of errors.          JEFFERSON SWEESEY."

The defendant took a writ of error and assigned for error: entering the judgment on the note filed and refusing to strike it off.

*W. R. Bole,* for plaintiff in error.

*P. Church,* for defendant in error.—Opening a judgment is discre'  ·ry and the refusal to open is not the subject of review : Bu   . Wightman, 5 Casey 335; Fox *v.* Cash, 1 Jones 207 ; Nice *v.* Bowman, 6 Watts 26 ; Kalbach *v.* Fisher, 1 Rawle ·323 ; Kellogg *v.* Krauser, 14 S. & R. 143 ; Withers *v.* Haines, 2 Barr 435 ; Skidmore *v.* Bradford, 4 Id. 296. The blanks could have been filed but by " I " and "me;" therefore it is to be taken as

30 P. F. SMITH—11

if they were so filled ; the words of a contract are to be taken most strongly against the party using them : White *v.* Smith, 9 Casey 186 ; 2 Parsons on Contract 494.

Chief Justice Agnew delivered the opinion of the court, January 6th 1876.

There was a regular judgment in this case by the confession of an attorney at law; an officer of the court authorized generally to act for parties and in their stead. He may be called on to file his warrant of attorney. If it be entirely wanting in a power to appear and confess the judgment, the court in order to effectuate justice may strike off. the judgment, especially if the attorney be insolvent or otherwise irresponsible. But the setting aside of a judgment is a matter of sound discretion on the facts, and a refusal to do so is not in itself the subject of a writ of error. The writ lies to matters in the record only: Bunce *v.* Wightman, 5 Casey 335; Springer *v.* Springer, 7 Wright 518; Aurentz *v.* Porter, 12 Id. 335. The judgment here being regular on its face there is nothing to be reached by the writ. The court, however, thought it proper to require the defendant's attorney to file the note containing the warrant to confess judgment. But that does not change the real state of the case. Though wanting in accuracy, because of some of the blanks not being filled, it is not wholly defective and void. It contained a warrant of attorney to confess judgment against some one, and this the attorney interpreted to mean the defendant himself. The word "me" was wanting in the blank, but certainly it could not mean another, for no other person is named or referred to, and the signer of the paper had no power or right to confess the judgment against another. The note and power were in one instrument. The note was the note of the defendant, and the debt was his, so that the person named in the note, or referred to by the pronoun, was the same person intended in the power, that is, himself. As to the absence of the pronoun " I " in some of the blanks, nothing is substantially wanting, for the copulative conjunction " and" supplies the necessity of repeating the pronoun " I." Sentences so constructed are not absolutely ungrammatical, as the idiom of the language admits of many things being understood though not directly expressed. That is eminently so in the use of the personal pronouns. Looking, therefore, at the whole writing, note and warrant in one instrument, we cannot say that the power was so totally wanting, that the attorney had no right to interpret it as a warrant to him to confess judgment for the defendant and against him. In such a case a court will leave the party to his remedy against the attorney, if he thinks the interpretation of the warrant is unsound and improper.

Judgment affirmed.