## MADDEN v. GASTON.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. BILLS AND NOTES (§ 491*)—ACTION—BURDEN OF PROOF.

Under Negotiable Instruments Law (Consol. Laws, c. 38) § 35, raising the presumption of a valid and intentional delivery of a negotiable instrument by the maker to the person in whose possession it is found, and section 33, providing that delivery of a negotiable instrument in blank

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

operates as prima facie authority to fill up the blanks, the burden is on the defendant to show the agreement under which a negotiable instrument was delivered in blank, and that its terms have been violated.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1644; Dec. Dig. § 491.*]

2. BILLS AND NOTES (§ 491*)—ACTION—BURDEN OF PROOF.

Under Negotiable Instruments Law (Consol. Laws, c. 38) § 33, providing that in order that a negotiable instrument delivered in blank, when completed, may be enforced, it must be filled up strictly in accordance with the authority given and within a reasonable time, there is no presumption as to the time within which the blanks were filled, and the burden is upon plaintiff, in an action on a check, to show that they were filled within a reasonable time.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1644; Dec. Dig. § 491.*]

3. BILLS AND NOTES (§ 60*)—DELIVERY IN BLANK—TIME FOR FILLING—"REASONABLE TIME."

Under Negotiable Instruments Law (Consol. Laws, c. 38) § 33, requiring that a negotiable instrument delivered in blank, in order to be enforced, must be filled up within a reasonable time, from October 22, 1907, to June 9, 1908, is unexplained, more than a "reasonable time" within which to fill up a check delivered in blank.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 85, 86; Dec. Dig. § 60.*

For other definitions, see Words and Phrases, vol. 7, pp. 5977–5983; vol. 8, p. 7780.]

Appeal from Trial Term, New York County.

Action by Charlotte F. Madden against George H. Gaston, as executor of the last will and testament of Eliza Wilson, deceased. Appeal from a judgment entered on a dismissal of the complaint at the close of the plaintiff's evidence, in a suit on two checks, alleged to have been signed by the defendant's testatrix in blank and delivered to the plaintiff and thereafter by her filled out with the amounts of $5,000 and $10,000, respectively. The answer put in issue the making of the checks, their delivery, the consideration, and due filling out of the blanks. The plaintiff proved the signature of the maker of the checks and offered them in evidence; but they were excluded by the court upon the ground that there was no proof of the authority given to fill up the blanks. The plaintiff then called the defendant, who testified that, on the day before the death of his testatrix, he had a conversation with the plaintiff, and then saw the checks in question or similar papers. Reversed and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

John McG. Goodale, for appellant.

Gormly J. Sproull, for respondent.

MILLER, J. The production of the checks by the plaintiff raised a presumption of a valid and intentional delivery of them to her by the maker. Section 35 of the Negotiable Instruments Law (chapter 38 of the Consolidated Laws). Such delivery operated as prima facie authority to fill up the blanks for any amount. Section 33 of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Negotiable Instruments Law. The learned trial court was, therefore, wrong in holding that it was incumbent upon the plaintiff to prove her authority to fill up the blanks, as the statute imposes the burden upon the defendant to show the agreement, and that its terms have been violated, if that be claimed; and that was the rule at common law. Davidson v. Lanier, 4 Wall. 447, 18 L. Ed. 377. Said section 33 also provides:

"In order, however, that any such instrument, when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time."

It seems to me that there can be no presumption one way or the other as to the time within which the blanks were filled up. Therefore, the burden was upon the plaintiff, who asserted it, to prove that the blanks were filled up within a "reasonable time." It is alleged in the complaint that the blank checks were delivered on the 22d of October, 1907. The maker died on the 9th of June, 1908. There is evidence which, perhaps, would justify the inference that the defendant saw the checks on the 8th of June in their present condition. Other than that, there is nothing to show when the checks were filled up, and certainly from October 22, 1907, to June 9, 1908, is unexplained, more than a "reasonable time." However, the plaintiff could only prove one thing at a time. The checks were excluded upon a ground which the plaintiff could not obviate, and that ruling virtually ended the case. Wherefore, the plaintiff should be permitted another opportunity to prove her case.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide event. All concur.