## Marcus v. Kleinman et al.

*Promissory notes—Filling in blanks—Attorney's commissions—Judgment note—Act of May 16, 1901.*

1. Under the Act of May 16, 1901, P. L. 194, the person in possession of a promissory note has a *prima facie* authority to complete it by filling up the blanks therein.

2. Such authority extends to the insertion of the date, the amount, the name of the payee and the time and place of payment and attorney's commissions if authorized.

3. Such blanks must be filled in accordance with the authority given and within a reasonable time.

4. Where a judgment note is a joint note, blanks in the power to confess judgment, even if not filled in, may be read as if the words "we," "us" and "our" were intended, and judgment may be entered.

5. Where, in such case, the blank for an attorney's commission is not filled in before the judgment is entered, there is no authority to collect such commission by a mere direction of the attorney to the prothonotary.

Rule to strike off judgment. C. P. Dauphin Co., Sept. T., 1925, No. 1134.

*Moe Baturin,* for plaintiff; *Paul A. Kunkel,* for defendants.

HARGEST, P. J., June 22, 1926.—The defendants in this case are the makers of a note, the form of which is, in part, as follows:

"May 23, 1925, thirty days after date ——— promise to pay to the order of Charles Marcus five hundred xx/100 dollars without defalcation, value received, with interest. And further ——— do hereby empower any attorney of any court of record within the United States or elsewhere to appear for ——— and after one or more declarations filed, confess judgment against ——— as of any term for the above sum with costs of suit and attorney's commission of ——— per cent. for collection. . . . Witness ——— hand and seal."

An attorney for the plaintiff filed this note in the prothonotary's office and directed a writ of *fieri facias* to issue thereon, with 5 per centum for collection. The defendant, M. Tuch, averring that, because the blanks above shown were not filled, there was no authority to confess judgment and no right to collect 5 per centum as an attorney's fee, asks that the judgment be stricken from the record.

Section 14 of the Negotiable Instruments Act of May 16, 1901, P. L. 194, provides that if an instrument in writing is wanting in any particular, the person in possession thereof has a *prima facie* authority to complete it by filling up the blanks therein. This section confers presumptive authority on the person to whom the instrument is delivered to fill up the blanks, and such authority extends to any incomplete feature of the note, such as the insertion of the date, the amount, the name of the payee and the time and place of payment: Johnston *v.* Knipe, 260 Pa. 504, 508; Linthicum *v.* Bagby (Md.), 102 Atl. Repr. 997; 8 Corpus Juris, "Bills and Notes," 183; 3 Ruling Case Law, "Bills and Notes," § 59. It also includes the authority to insert

such reasonable amount as may be authorized for attorney's fees: Kramer v. Schnitzer (Ill.), 109 N. E. Repr. 695. But the blanks must be filled in accordance with the authority given and in a reasonable time: Hartington National Bank v. Breslin (Neb.), 128 N. W. Repr. 659; 31 L. R. A. (N. S.) 130; Ann. Cas., 1912 B, 1008. In the instant case the authority to fill the blanks was not exercised, and it is contended that, therefore, the note is void because it does not contain a completed authority to confess judgment, and the case of Morris v. Bank of Commerce (Texas), 4 S. W. Repr. 246, is relied upon. In that case the note authorized confession of judgment "in favor of the legal holder of said note against ————," and it was held, because of the failure to fill the blank space, the power was incomplete and no judgment could be rendered. The case just cited is in conflict with Sweesey v. Kitchen, 80 Pa. 160, 162, which we think is decisive of the case before us. In Sweesey v. Kitchen, the note contained the following: "And ———— empower any attorney, etc., to appear for ———— and confess judgment against ————."

The Supreme Court said: "Though wanting in accuracy, because of some of the blanks not being filled, it is not wholly defective and void. It contained a warrant of attorney to confess judgment against some one, and this the attorney interpreted to mean the defendant himself. The word 'me' was wanting in the blank, but certainly it could not mean another, for no other person is named or referred to, and the signer of the paper had no power or right to confess the judgment against another. The note and power were in one instrument. The note was the note of the defendant, and the debt was his, so that the person named in the note, or referred to by the pronoun, was the same person intended in the power; that is, himself. . . . Looking, therefore, at the whole writing, note and warrant in one instrument, we cannot say that the power was so totally wanting that the attorney had no right to interpret it as a warrant to him to confess judgment for the defendant and against him." See, also, Oleon v. Rosenbloom & Co., 247 Pa. 250.

It has been generally held that the failure to fill blanks does not render the judgment void: First National Bank of Findlay v. Trout (Ohio), 51 N. E. Repr. 27; Packer v. Roberts (Ill.), 29 N. E. Repr. 668. The note in the instant case is a joint note. It is not joint and several. We think that, notwithstanding the blanks were not filled up, the intention is clear; for, as said in Sweesey v. Kitchen, 80 Pa. 160, "no other person is named or referred to." The note being joint, the authority to enter judgment against both makers, and the reasoning of Sweesey v. Kitchen, 80 Pa. 160, applies with equal force to this note as it does to a note in which there is but a single maker. For these reasons, we think the power to enter judgment is complete.

The question of attorney's commission stands on a somewhat different basis. The statute gives the party in possession prima facie authority to fill up the blanks in the instrument. Blanks must be filled where it is necessary to fill them to a complete understanding of the instrument within a reasonable time: Brown v. Thomas (Va.), 92 S. E. Repr. 977; Finley v. Rose (Ky.), 224 S. W. Repr. 1059; Madden v. Gaston, 121 N. Y. Supp. 951. They must be filled according to the understanding of the parties. The note before us is dated May 23, 1925. It was filed of record Dec. 30, 1925. The blanks were not filled. An attorney's commission may be any reasonable figure. We do not know what commission was agreed upon or understood. The blank as to that does not stand upon the same basis as the others, where only one thing can be inferred. If the blank as to the attorney's commission had been filled, it would be presumed to have expressed the intention and understanding of the parties. In Kramer v. Schnitzer (Ill.), 109 N. E. Repr. 695, the space for the attor-

Marcus *v.* Kleinman et al.

ney's fee was blank and the attorney inserted it before entering the note of record. The only other case which we have found in which the question of attorney fees was apparently involved is Packer *v.* Roberts (Ill.), 29 N. E. Repr. 667, but it does not appear in that case whether the blank was filled or not. We are of opinion that the authority to fill the blank must be exercised where it is not clear what the understanding of the parties was, particularly where more than one thing could be inserted to carry out that understanding. For this reason, we conclude that there is no authority to collect an attorney's commission, as is now attempted, by a mere direction of the attorney of record to the prothonotary to issue a writ of *fieri facias* with 5 per centum for collection, in the absence of any such authority appearing on the note itself.

Now, June 22, 1926, the petition to strike the judgment in the above stated case from the record is hereby denied and the rule granted thereon discharged. The stay of execution is revoked and the execution permitted to proceed, limited, however, to the collection of the debt, interest and costs, without any percentage for attorney's fees.

From Homer L. Kreider, Harrisburg, Pa.