William B. Rambo B. & L. Assn. *v.* Dragone et al. (Desimone, Appellant).

Argued May 25, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Desmond J. McTighe,* with him *Henry I. Fox,* for appellant.—The contract contains no express authority to confess judgment against the defendant appellant.

The weight of authority and the better reasoned cases hold such judgments invalid: Sweesey v. Kitchen, 80 Pa. 160; Frazier v. Monroe, 72 Pa. 166.

The power to confess judgment will be strictly construed: Eddy v. Smiley, 26 Pa. Superior Ct. 318; National Ex. Bank v. Wiley, 195 U. S. 257.

*Chas. D. McAvoy,* for appellee.—The record contains sufficient to justify the interpretation given the contract and warrant of attorney by the court below: Sweesey v. Kitchen, 80 Pa. 160; Oleon v. Rosenbloom, 247 Pa. 250; Hepler v. Savings Bank, 97 Pa. 420; Wessell v. Glenn, 108 Pa. 104.

OPINION BY MR. JUSTICE KEPHART, June 27, 1931:

The warrant of attorney in a bond on which judgment was confessed is as follows: *"We* do hereby authorize and empower any attorney of the Court of Common Pleas of Montgomery County or any court of record there or elsewhere to appear for *us* and in *our* name and stead confess Judgment against......for the sum of Five Thousand Dollars." The rule to strike off the judgment avers no express or implied authority to

confess judgment against appellant, defendant, who was one of four persons who signed the bond; that the power was incomplete in that either the word "us" or the name of all defendants was necessary to give it any effect, and no other words could be supplied consistent with the language of the instrument.

As a general rule a warrant or power of attorney to confess judgment is to be construed according to the rules which apply to other written contracts. Such warrant should be strictly construed against the party in whose favor it is given, and the authority thereby conferred must be strictly construed. While it should not be extended by implication or inference beyond the limits expressed in the instrument, yet, when it is reasonably clear that a given authority was intended, the courts will give it effect. That such authority was clearly intended appears from the warrant before us.

If the word "against" were omitted it would undoubtedly be a complete authority. Defendants gave authority to appear for them and in their name and stead to confess judgment. The word "against" can readily be treated as surplusage.

Furthermore, the blank may be filled in by the court where it is clear what the unintentionally omitted word or words were intended to be. Section 14 of the Negotiable Instruments Act authorizes the owner of a promissory note to fill in blanks if it is necessary; that section however was merely declaratory of the existing law: Swecsey v. Kitchen, 80 Pa. 160; Hepler v. Mt. Carmel Bank, 97 Pa. 420; Wessell & Co. v. Glenn, 108 Pa. 104. The holder of a bond such as this or other contract had and still has the same power: Wiley v. Moor, 17 Sargeant & Rawle 438; Com. v. Gutelius et al., 287 Pa. 441.

The court below did not err in giving full effect to the intent in the instrument by holding that the blank after the word "against" should be filled in to conform to what was definitely expressed in the words that pre-

ceded it: Sweesey v. Kitchen, supra; Oleon v. Rosenbloom, 247 Pa. 250.

The case is ruled by Sweesey v. Kitchen, supra, in which, although only one name was used, the reasoning supports the instant case. It is there stated that the warrant, "Though wanting in accuracy, because of some of the blanks not being filled, it is not wholly defective and void. It contained a warrant of attorney to confess judgment against some one, and this the attorney interpreted to mean the defendant himself [in our case the defendants]......The note was the note of the defendant, and the debt was his, so that the person named in the note, or referred to by the pronoun, was the same person intended in the power......Looking, therefore, at the whole writing, note and warrant in one instrument, we cannot say that the power was so totally wanting that the attorney had no right to interpret it as a warrant to him to confess judgment......" See also Oleon v. Rosenbloom, supra.

The word "us" was unintentionally omitted, but even without it there is a clear intent in the instrument itself that the defendants authorized judgment to be entered against them.

The decree of the court below is affirmed at appellant's cost.