SIMON v. MITTELMAN.

1. BILLS AND NOTES—INDORSER—AUTHORIZATION TO FILL IN NOTE INDORSED IN BLANK—BURDEN OF PROOF.

In action on promissory note, indorser who claimed that he signed note in blank and amount was filled in contrary to his authorization, had burden of proving his claim (2 Comp. Laws 1929, § 9263).

2. SAME—EVIDENCE—SUFFICIENCY.

Evidence on behalf of indorser, *held*, insufficient to sustain burden of proof that amount in note signed in blank was filled in contrary to his authorization.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted January 22, 1932. (Docket No. 95, Calendar No. 36,205.) Decided April 4, 1932.

On presumption as to time of alteration in written instrument and its effect on burden of proof, see annotation in 39 L. R. A. (N. S.) 100, 107.

Assumpsit by Aaron Simon and another against A. Mittelman and Jacob Wexler on a promissory note. Judgment for plaintiffs. Defendant Wexler appeals. Affirmed.

*Lucking, Van Auken & Sprague* (*Waldo K. Greiner*, of counsel), for plaintiffs.

*Levin, Levin & Dill* (*John Sklar*, of counsel), for defendant Wexler.

Fead, J. March 21, 1927, A. Mittelman borrowed $2,500 from plaintiffs on his promissory note, indorsed by defendant Wexler. Payments were made at times, the note renewed at 60-day intervals, and on January 23, 1928, the balance was $1,800. Mittelman owed plaintiffs $385.40 on another note, indorsed by one Lipsitz. Plaintiffs claim Mittelman wanted to incorporate the sum in the larger note and plaintiffs consented on the condition that Wexler indorse it. The sum was incorporated, the note renewed at $2,185.40, Wexler's indorsement appeared upon it and upon six subsequent renewals, upon the last of which, given in January, 1929, plaintiffs had judgment against Wexler on trial before the court without a jury. Mittelman had gone away and could not be served.

Defendant Wexler claimed that he had indorsed the various notes in blank each time, that Mittelman was to make payments and fill in the amount on renewals for the balance, and that he, Wexler, never authorized incorporation of the $385.40 in the sixth note of the series.

Plaintiffs claimed that, while some of the renewals were presented in blank, bearing Wexler's indorsement, and the amounts were filled in at plaintiffs' office, Mittelman got Wexler's indorsement on the

note including the $385.40, and that, when the note in suit was given, plaintiffs filled in the blanks, Mittelman took it away, and a short time later returned with Wexler's indorsement on it.

After the note was protested, plaintiffs wrote Wexler several letters, but received no reply, and had a conversation with him in which plaintiffs claimed Wexler did not deny authorizing the larger amount, but Wexler testified that he first found out about the incorporation of the $385.40 after the protest and objected to it.

If Wexler indorsed the note in blank, Mittelman had *prima facie* authority to fill in the note for any amount. 2 Comp. Laws 1929, § 9263. However, if plaintiffs were not holders in due course, Wexler would not be liable unless the note were filled in "strictly in accordance with the authority given." The burden of proof was upon Wexler to show that when he signed the note the amount was blank and it was filled in contrary to his authorization. *Madden* v. *Gaston,* 137 App. Div. 294 (121 N. Y. Supp. 951).

In very large measure the case depends upon the credibility of the witnesses. The judgment indicated the court did not credit Wexler's claims. Reading of the printed testimony does not overcome the finding of the court, made with the advantage of a view of the witnesses, and we cannot say that Wexler sustained the burden of proof or that the verdict was against the preponderance of the evidence. This renders it unnecessary to consider whether plaintiffs, payees, were or could be holders in due course.

Judgment affirmed, with costs.

Clark, C. J., and McDonald, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred.