Landow *v.* Bailinger, Appellant.

Argued December 7, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Judah Zelitch,* for appellant.

*Samuel E. Kratzok,* for appellee, was not heard and filed no brief.

PER CURIAM, January 2, 1934:

Defendant appeals from the order of the court below discharging rule to strike off judgment by confession entered for plaintiff by authority of a paragraph in a lease to defendant of premises No. 715 Sansom Street, Philadelphia, which reads: "The said lessee hereby waives the benefit of any and all exemption laws now made or which may hereafter be made releasing goods on said premises or elsewhere from levy and sale for rent and other charges herein reserved as rent, and the said lessee further agrees that this waiver shall extend and be applicable to any process, execution or executions that may be issued in any and all suits, actions, or proceedings for the collection of rent or other charges herein reserved as rent, due and in arrears, for any expense incurred in removing ashes, rubbish or refuse matter from said premises, and for damage for the non-fulfillment of any of the covenants contained, and that this lease shall be a sufficient warrant to said lessor to confess judgment therefor against said lessee."

In an agreed statement of facts, the parties limit the question involved to whether or not the clause relating to confession of judgment is sufficiently clear and un-ambiguous to authorize confession of a money judgment. Defendant argues it is not, and should there be doubt in the matter, the question must be resolved in favor of lessee and against lessor, by and for whom the lease was drawn. We are unable to follow appellant's reasoning, however, that the word "therefor" must refer to waiver of exemption, for in that case the clause would read, "and that this lease shall be a sufficient warrant to said lessor to confess judgment [for waiver of exemption] against said lessee." Such a construction would render the clause entirely meaningless. The whole purpose of the paragraph apparently is to protect lessor from loss in event of failure of lessee to comply with the terms of the lease. It is much more reasonable, as well as a more natural interpretation grammatically, to construe the

clause as meaning: "and [the said lessee further agrees] that this lease shall be a sufficient warrant to said lessor to confess judgment [for rent or other charges herein reserved as rent, due and in arrears, for any expense incurred in removing ashes, rubbish or refuse matter from said premises, and for damage for the nonfulfillment of any of the covenants contained] against said lessee," the words in brackets being repeated from the immediately preceding clause of the lease.

As the court below states in its order, "While the language of that part of the lease upon the authority of which this judgment was entered might have been more explicit, we think it nevertheless makes sufficiently clear the intention of the parties to give the lessor the right to confess judgment"; nothing more than this is required. This case is not in line with Baldwin v. Amer. Motor Sales Co., 309 Pa. 275, cited by appellant, where the paragraph of the lease providing for confession of judgment on nonpayment of rent was not in agreement with another paragraph, and where the construction contended for by lessor amounted to a forfeiture, but where, nevertheless, a confession of judgment in a modified amount was sustained. In Rambo Bldg. & Loan Assn. v. Dragone, 305 Pa. 24, 26, cited in the case just quoted, we say: "As a general rule a warrant or power of attorney to confess judgment is to be construed according to the rules which apply to other written contracts. Such warrant should be strictly construed against the party in whose favor it is given, and the authority thereby conferred must be strictly construed. While it should not be extended by implication or inference beyond the limits expressed in the instrument, yet, when it is reasonably clear that a given authority was intended, the courts will give it effect." In Sweesey v. Kitchen, 80 Pa. 160, it was held that, "though wanting in accuracy" the warrant to confess judgment was intended to have meaning and was not wholly defective and void since the intent to give such a power was clear. This is true

in the present case also, and the court below did not abuse its discretion in so holding.

The order discharging the rule to strike off judgment is affirmed.