## B. B. Leider & Company, Inc., v. Di Giacomo

*Joseph Skale,* for plaintiff.
*Yale L. Schekter,* for defendant.

KUN, J., April 17, 1935. — Judgment was entered against the defendant on a lease for an amount of accelerated rent alleged to be due by reason of an alleged default. The defendant has taken a rule to strike off the judgment. On consideration of this rule we do not look into the merits but, if the record shows any authorization for the entry of the judgment, we cannot strike it off, although defendant may appeal to the court to open the judgment and let him into a defense if he has any. If, however, the record shows no authority for the entry of the judgment, it is the duty of the court to strike it off.

According to the record, the judgment herein was confessed against the defendant on the basis of a paper filed with the lease as follows:

"To the Prothonotary:

"On behalf of Louis Di Giacomo, the aforesaid defendant, I appear and confess judgment in favor of B. B.

Leider & Co. Inc. Agents for Fardone and Goldstein, owners, in the sum of $2,338.88; said judgment is hereby confessed pursuant to the authority contained in a lease dated June 29, 1934, between the plaintiff, B. B. Leider & Co. Inc. agents for Fardone and Goldstein, owners, and Louis Di Giacomo, defendant, a true and correct copy of which is hereto attached, marked Exhibit 'A' and made a part hereof."

Then follow a number of recitals, and the paper is signed:

"Peter P. Zion,
Attorney for Plaintiff

B. B. Lieder & Co. Inc.
Agents for
Fardone and Goldstein,
Owners,"
by
B. B. Leider".

We are called upon to determine whether there is any warrant or authority on the record for the entry of the judgment in the manner and form in which it was entered since that is the only basis upon which it can be sustained: Beers et al. v. Fallen Timber Coal Co., 307 Pa. 261, 264.

The provision in the lease in which must be found the authorization for the entry of a judgment against the defendant is as follows:

"The lessees hereby agree that . . . upon the breach of any condition or covenant contained in this lease that the lessor shall have the right, for which this lease shall be sufficient warrant, and the lessees for said purpose hereby authorize the Prothonotary or Clerk or any attorney of any court of record to appear for the lessees and confess judgment in favor of the lessor, or his assignee and against the lessees for the whole rent for the remainder of the term or any renewal thereof, etc."

Judgment in this case was entered, as noted above, by the lessor appearing for the defendant, confessing the judgment against him. As authority for this action, the

lessor points to the words in the foregoing provision: "that the lessor shall have the right, for which this lease shall be sufficient warrant". The difficulty with that contention is that the lease does not provide that the lessor shall have the right to appear for the lessee and enter judgment against the lessee. The language is that the lessor ·shall have "the right". The right to do what? If the sentence ended there, it would have no significance whatever. The court cannot put into a paper something that is not expressed therein. This is particularly true with reference to a warrant of attorney authorizing or purporting to authorize the entry of a summary judgment which must be strictly construed: Baldwin et al. v. American Motor Sales Co. 309 Pa. 275.

Now, while the thought could have been expressed in more apt language, what "right" it is that the lessor has under the terms of the lease for which the lease shall be sufficient warrant, as stated therein, is the right to have or procure the entry of a judgment against the lessee as therein provided. The language immediately following the above quoted phrase in the lease is as follows: "and the lessees for said purpose hereby authorize the Prothonotary or Clerk or any attorney of any court of record to appear for the lessees and confess judgment in favor of the lessor, etc." It is in these words that the authorization to confess judgment against the defendant lessee is found. The lessee authorizes either "the Prothonotary or Clerk or any attorney of any court of record" to appear for him and confess judgment in favor of the lessor. The record shows that none of these did so, but the lessor itself assumed to appear for the defendant, lessee, and confess judgment against him.

In a case where a warrant of attorney contained in a lease provided that in case of default "any attorney may immediately thereafter, as attorney for the said lessee at the sole request of the said lessor, sign an agreement for entering in any competent court an amicable action and judgment in ejectment", and the record failed to show

that any such agreement was signed by any attorney for the lessee, the judgment was set aside. In other words, while, under the very terms of the lease the lessor could "request" some attorney to appear for the lessee and confess the judgment, the landlord himself could not confess the judgment for the lessee and enter the judgment: Weaver v. McDevitt, 21 Pa. Superior Ct. 597. See also Pestcoe v. Erlick, 7 D. & C. 589.

In the cases just cited, judgments were purported to have been entered in amicable actions; but this does not affect the point under consideration, that is to say, the sufficiency of the authorization for the purported action, the entry of the judgment.

The cases cited by the plaintiff are not in point. In Melnick v. Hamilton et al., 87 Pa. Superior Ct. 575, the court stated that judgment was confessed by a person authorized so to do in the lease. The court said: "The lessee empowered the landlord to confess a judgment according to the provisions of the contract." The authority of the landlord to do so was expressly given or assumed by the court, the point at issue being whether the entry of the judgment in the circumstances should be considered the act of the landlord or that of the prothonotary. It was held to be the act of the landlord under the specific authority of the lease according to its terms. Likewise in the case of Landow v. Bailinger, 313 Pa. 385, the Supreme Court interpreted the words in the lease "that this lease shall be a sufficient warrant to said lessor to confess judgment" as authorizing the lessor to enter judgment against the lessees, obviously so because of the right to "confess judgment" appearing there in plain language, though as the court intimated it might have more clearly or more accurately stated what judgment could be confessed.

In the case before us there is no language whatever which can be read to give any right to the "lessor to confess judgment". As we have pointed out above, the authorization given by the lessee to confess a judgment

against him is given to "the Prothonotary or Clerk or any attorney of any court of record" and none of these appeared for the lessee to enter the judgment against him. It was the lessor who assumed to do it but there is no such right in the lessor under the terms of the lease.

The final point made by the plaintiff is that there is a waiver of errors in the lease, because of which as plaintiff argues, defendant cannot attack the entry of the judgment. In the very case cited by the plaintiff, Curry v. Bacharach Quality Shops, Inc., 271 Pa. 364, at page 373, it is pointed out that: " 'The release of errors in connection with the warrant of authority operates only on irregularities in the proceeding apparent on the record. It does not reach the defect of a lack of authority to proceed' ".

The rule taken by the defendant in this case to strike off the judgment is not based on any error or defect or irregularity in connection with the entry of the judgment, but raises the fundamental question of the power of the lessor to enter the judgment at all. The defendant, lessee, did not waive the right to question this power assumed to have been exercised by the lessor.

We are well satisfied that there was no authority conferred by the lease in this case on the lessor to appear for the lessee and to confess and enter judgment against the lessee in the lessor's favor. Judgment was therefore entered under a purported authority which does not exist in the lease. Accordingly, the judgment must be stricken off.