## Hooper, to use, v. Ocker et ux.

*Davies & Harrigan,* for plaintiff.
*Harold S. Irwin,* for defendants.

REESE, P. J., February 9, 1944.—By a written lease dated July 21, 1936, Pinkney J. Hooper leased to defendants herein the dwelling house 152 North Bedford Street, Carlisle, for a term of seven months beginning September 1, 1936, and ending March 31, 1937, for a rental of $140, payable monthly in installments of $20 on the first of each month in advance. The lease contained a provision that, if the tenants should continue in possession after the termination of the lease, then the lessor, "at his option, may consider the lease to have been renewed for a like term, or . . . repossess the premises". In another provision the tenants agreed to surrender the premises at the expiration of the term and waived the usual notice to quit. The lease also provided that upon its termination, "by forfeiture, default or expiration, the prothonotary or any attorney

as aforesaid is hereby authorized to appear for and to confess judgment in an amicable action of ejectment . . . for the premises herein described".

The tenants held over and are still in possession of the premises. It appears from the answer to the rule herein that the lessor on August 5, 1943, entered into a written contract to sell the premises to C. N. Miller, the use-plaintiff herein, settlement to be made and the deed delivered about September 1, 1943. It also appears in the record before us that the Office of Price Administration, through the Area Rent Office at Harrisburg, Pa., on August 18, 1943, issued a certificate authorizing Miller to pursue his remedies for the removal or eviction of the tenants "at the expiration of three months from the date hereof". The deed to Miller was delivered on September 2, 1943.

The agreement for the amicable action in ejectment herein discloses that on August 23, 1943, Miller notified the tenants "to remove from the said premises and deliver up possession of the same within a period of ninety days", in other words, on or before November 23, 1943. The agreement for the amicable action aforesaid also recites that "the said judgment is entered upon the termination of said lease by virtue of the notice given by C. N. Miller to the defendants, which notice said tenants have refused to comply with". We have before us a rule to strike off the judgment confessed in the amicable action in ejectment.

When the tenants held over after the original lease expired on March 31, 1937, the lease was renewed for a second term of seven months, and each holding over resulted in a successive term of seven months. Where an original term is for a period of less than a year, a holding over will operate to renew the tenancy for the original period: Farbman v. Meyers, 49 Pa. C. C. 419. Computation will reveal that a seven months' period expired on August 31, 1943. Hence, Miller, as the pur-

chaser of the premises, could have exercised the option given in the lease to the lessor to repossess the premises at the expiration of the seven months' period on August 31, 1943. However, the record discloses that the tenants were, by notice, required to quit the premises on or before November 23, 1943, on which date a seven months' period would not expire.

This form of notice was apparently given because the certificate of the O. P. A. permitted Miller to pursue his legal remedies to evict the tenants on and after November 18, 1943. Subdivision (b) (2) of section 1388.286 of the Maximum Rent Regulations of the O. P. A. for defense-rental areas provides that where a purchaser desires the removal or eviction of a tenant in order that he himself may occupy the premises the administrator, upon finding that all requirements have been met, shall on petition issue a certificate authorizing the purchaser to pursue his remedies for removal or eviction of the tenant, in accordance with the requirements of the local law, after the expiration of three months from the date of issuance of the certificate. Subdivision (e) of the same section of the regulations also provides that "no provision of this section shall be construed to authorize the removal of a tenant unless such removal is authorized under the local law".

Under the lease herein the warrant of attorney to confess judgment in an amicable action of ejectment could be exercised upon the termination of the lease "by forfeiture, default or expiration". The record before us discloses no forfeiture or default on the part of the tenants, but the agreement for the amicable action recites that the lease terminated because the tenants did not comply with the notice to vacate on or before November 23, 1943. As already pointed out, a seven months' period expired on August 31, 1943, and the lessor or his successor could have elected to terminate the lease as of that date and proceeded to judg-

ment against the tenants for failure to vacate the premises on or before the expiration date, viz, August 31, 1943. The lease expired on the date last mentioned but a seven months' period did not terminate on November 23, 1943. The lease authorized a confession of judgment upon the termination of the lease by expiration, hence it was improper to confess judgment for failure to vacate on or before November 23, 1943.

The O. P. A. certificate did not postpone or extend the expiration of the lease. On the contrary, the certificate postponed the purchaser's remedy for failure of the tenants to vacate in accordance with the lease. The O. P. A. regulations indicate that the purchaser's remedy must be in accordance with the requirements of local law; in fact, the regulations expressly provide that they shall not be construed to authorize the removal of a tenant unless the removal is authorized under the local law. Under the local law, as already pointed out, the lease expired on August 31, 1943, and the tenants could not be evicted for failure to vacate the premises at some subsequent date which was not the expiration of a seven months' period.

A warrant or power of attorney to confess judgment must be strictly construed against the party in whose favor it is given, and the authority thereby conferred must be strictly construed: Landow v. Bailinger, 313 Pa. 385, 387. It follows, therefore, that because the lease authorized a confession of judgment upon the termination of the lease by expiration judgment could not be entered for failure to vacate the premises on any date other than the expiration of a seven months' period. The foregoing affords sufficient ground to strike off the judgment; hence, it is not necessary to discuss the other reasons advanced by defendants herein.

The case before us is very similar to the case of Farbman v. Meyers, 49 Pa. C. C. 419, in which the

opinion was written by Judge Stern, now Mr. Justice Stern of the Supreme Court. There, as here, the lease was for a seven months' term and the court held that a holding over by the tenant resulted in successive seven months' terms. A seven months' term would have expired on June 19, 1920. On March 27, 1920, a purchaser of the premises notified the tenant to vacate on May 19, 1920. The court held that judgment by confession should not have been entered, because the lease authorized judgment by confession upon the expiration of a renewal term and that the tenant could not properly be evicted for failure to comply with a notice requiring him to vacate at any other time.

It is to be noted that this proceeding does not comply with Pa. R. C. P. 2002, which requires all actions to be prosecuted by and in the name of the real party in interest. C. N. Miller should have sued in his own name and not as use-plaintiff.

And now, February 9, 1944, the rule to strike off the judgment confessed in the amicable action in ejectment herein is made absolute and the said judgment is hereby stricken off.