## Medgebow v. Segal et ux.

*M. W. Sporkin, Jr.*, for plaintiff.
*Joseph Yaffe*, for defendants.

OLIVER, P. J., November 21, 1947.—On October 23, 1947, the prothonotary entered judgment against both defendants on a judgment note. Defendants thereupon obtained a rule to show cause why the court should not strike off the judgment on the ground that the warrant of attorney was incomplete, in that none of the blanks in the warrant had been filled in.

Defendants distinguish the case of Rambo B. & L. v. Dragone, 305 Pa. 24, on two grounds. First, in that case all of the blanks had been filled in, except the blank in the phrase "confess judgment against ———— for the sum of Five Thousand Dollars", and the court expressly held that the word "against", and the following blank, could readily be omitted from the instrument as the portion which remained undoubtedly constituted a complete authority. Secondly, the insertion of the words "we", "us" and "our" in the other blanks of the warrant showed beyond question an intention that both of the makers of the note involved in that case had agreed to the entry of judgment. Defendants' contention is that there is nothing in the instant case which shows whether the judgment is to be confessed against one of the makers, or against both of them, and that, since a warrant of attorney to confess judgment is to be construed strictly against the party in whose favor it is given, there was no justification for anyone guessing as to what was intended by the parties. Some substance is given to that argument by the case of Sweesey v. Kitchen et al., 80 Pa. 160, wherein the summary of the argument of counsel states that "the blanks could have been filled but by 'I' and 'me' (the note having been given by one individual only) ; therefore, it is to be taken as if they were so filled".

We call attention, however, to the fact that there is nothing in the opinion of either of the cases above cited which expressly holds that it would not be equally proper to fill in all the blanks in a note given by two obligors.

Although counsel raises an ingenious argument, we have concluded after mature consideration that it is not sound. It would be very difficult to believe that two persons signed a judgment note in the form now before us, if all they intended to execute was a mere promissory note. Had they intended the warrant to

confess judgment to be totally inoperative, we can reasonably assume they would have stricken out everything except the promise to pay. On the other hand, since the diligence of counsel has not been able to discover any reported case in Pennsylvania, in which this particular question has arisen, we may assume that if two makers of a judgment note intend that the warrant to confess judgment should be operative against only one of them, the situation would be so unusual as specifically to direct the attention of all parties to the necessity of making that unusual situation unequivocally clear. We are convinced that the fact all of the blanks in the warrant were left unfilled clearly indicates the existence of the customary and normal intention of both of the makers to be bound by all the terms of the instrument. It is true that no case in Pennsylvania specifically supports this conclusion, but on the other hand, no case brought to our attention holds to the contrary, and the conclusion we have reached appears to us to be proper. It is expressly pointed out in Rambo v. Dragone, supra, that "Section 14 of the Negotiable Instruments Act authorizes the owner of a promissory note to fill in blanks if it is necessary," that that section "was merely declaratory of the existing law", and that "the holder of a bond such as this (containing a warrant of attorney with certain blanks not filled out) or other contract had and still has the same power".

If the foregoing is sound, we see no particular merit in the further point raised by defendants that the prothonotary, being an administrative officer, had no authority to enter the judgment in this case. The prothonotary derives his authority to confess judgment under the Act of February 24, 1806, P. L. 334, 12 PS §739, which reads in part as follows:

"It shall be the duty of the prothonotary of any court of record, within this commonwealth, on the application of any person, being the original holder

(or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law, or other person to confess judgment, *to enter judgment against the person or persons, who executed the same,* for the amount, which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed, . . ." (Italics supplied.)

And now, November 21, 1947, the rule to strike off the judgment is dismissed.